**HIGHLAND GARDENS NURSERY, INC., et al., Plaintiffs-Respondents,**

v.

**NORTH AMERICAN DEVELOPERS, INC., et al., Defendants-Respondents,**

and

**Don Roth and Gideon H. Schiller, Defendants-Appellants.**

**No. 56103.**

Supreme Court of Missouri, Division No. 2.

May 14, 1973.

Thompson, Mitchell, Douglas, Neill, Guerri & Elbert, Edwin D. Akers, Jr., Gerard K. Sandweg, Jr., Lawrence E. Young, St. Louis, for respondent Manchester Bank of St. Louis.

Raleigh Robinson, St. Louis, for respondent, Construction Enterprises, Inc.

Paxton H. Ackerman, Ackerman, Schiller & Schwartz, Clayton, for appellants.

HENLEY, Judge.

The basic question presented in this case is whether the trial court may extend beyond ninety days the time within which it may rule upon a motion for new trial[1] and thus postpone the date when a judgment becomes final for the purpose of appeal.[2] We hold that the court may not do so.

This case is a consolidation of two suits into one equitable mechanics' lien proceeding, involving multiple parties, claims and cross-claims. Briefly, the background facts are as follows. Highland Gardens Nursery, Inc., et al., sued North American Developers, Inc., and another (hereinafter North American) to recover a money judgment for labor and materials furnished in the construction of improvements on land of North American and impress the land with the lien of that judgment. Defendants who also sought like judgments and liens on land of North American are: (1) Construction Enterprises, Inc., (hereinafter Construction Enterprises), and (2) Midwest Floor Company (hereinafter Midwest Floor). Other defendants are: (1) Don Roth (hereinafter Roth), assignee of Arthur Kaiser and owner and holder of notes secured by a deed of trust (recorded January, 1967) on land of North American; and (2) Manchester Bank of St. Louis (hereinafter Manchester Bank) owner and holder of notes secured by a deed of trust (recorded April, 1966) on land of North American. The issue between Roth and Manchester Bank was which deed of trust had priority over the other. This court has jurisdiction, the amount in dispute exceeding $30,000 and the several notices of appeal having been filed before January 1, 1972.

On December 18, 1969, the trial court entered its decree: (1) in favor of certain lien claimants, including Construction Enterprises and Midwest Floor, and against North American; (2) in favor of Roth and Manchester Bank against North American; and (3) in favor of Manchester Bank and against Roth on priority of their separate deeds of trust. Thereafter, Roth and North American timely filed separate motions for a new trial or, in the alternative, for amendment of the decree. Thereafter, on motions of Roth and North American, the trial court extended the time for 150 days beyond the original 90 days within which the motions for new trial could be ruled upon.

On August 27, 1970, within the time as extended, the trial court entered an order amending its December, 1969, decree, by which it: (1) denied Construction Enter-

---

1. Rule 78.04, Supreme Court Rules, V.A. M.R. provides that a motion for new trial not ruled on within 90 days after it is filed is deemed denied for all purposes.

2. Rule 81.05(a) provides that a judgment is final at the expiration of 90 days after a motion for new trial is filed, unless the motion is ruled on at an earlier date.

prises and another a mechanics' lien on the land of North American: and (2) reversed the priority of the liens of the deeds of trust and made Roth's deed of trust superior to that of Manchester Bank.

Thereafter, Construction Enterprises and Manchester Bank timely appealed to this court from the decree entered against them on August 27, 1970, and later filed a transcript of the record.

On May 13, 1971, long after notices of appeal had been filed by Construction Enterprises and Manchester Bank, another defendant, Midwest Floor, filed a motion in the trial court to expunge and strike from the record the decree of August 27, 1970, on the ground that it was void because the decree of December 18, 1969, became final on or about April 6, 1970 (90 days after motions for new trial had been filed) and the court was therefore without jurisdiction to enter the decree of August, 1970. On July 2, 1971, the court sustained this motion, struck the August, 1970, decree from the record, and ordered that special execution be issued on its December 18, 1969, decree. Thereafter, on application for a special order, this court permitted Roth to file out of time, and he filed in this case, a notice of appeal from the order of July, 1971, and he later filed a supplemental transcript of the record.

Construction Enterprises dismissed its appeal from the decree of August, 1970, but the record does not show a like dismissal by Manchester Bank. Therefore, there are appeals pending from two decrees, one by Manchester Bank from the decree of August, 1970, and the other by Roth from the July, 1971, decree.

Manchester Bank contends that the decree of August, 1970, is void because the court was without jurisdiction to enter it since the time within which the court could amend the December 18, 1969, decree had expired. Roth concedes that where a motion for new trial is filed a judgment becomes final not later than 90 days thereafter unless a timely notice of appeal is filed, but contends that the court may under the provisions of Rule 44.01(b), as it did in this case, enlarge the time within which it could act on the motion.

Roth also contends (1) that the decree in his favor entered August, 1970, became final thirty days thereafter (Rule 75.01) and beyond control of the court, and, therefore, the court erred in entering its order of July, 1971, striking the August, 1970 decree; and (2) that the trial court was without jurisdiction to enter the order of July, 1971, because the whole case was then pending in this court on appeal by Construction Enterprises and Manchester Bank from the decree of August, 1970. As to the first part of this contention, Roth's position somewhat parallels that of Manchester Bank as to the December, 1969, decree.

■ As to Roth's contention that the extensions of time granted by the court subsequent to the December 18, 1969, decree were proper, we hold that Rule 44.-01(b) does not authorize the trial court to enlarge the time within which the court may act on a post-trial motion. Rule 44.-01(b), by its terms, permits the enlargement of time only "[w]hen * * * *an act* is required or allowed to be done at or within a specified time * * *." (Emphasis supplied). It does not permit the enlargement of a period of time set by rule at the end of which, by *inaction* of the court, a certain legal result is effected, such as: (1) a motion for new trial is *deemed denied* for all purposes if it is *not passed on* within 90 days (Rule 78.04); and (2) a judgment *becomes final* at the expiration of 90 days after it is filed if *not ruled on* earlier (Rule 81.05(a) ). Moreover, § 506.060, para. 2, subpara. (2), RSMo 1969, V.A.M.S., specifically prohibits enlargement of the period of time for granting a new trial. The purpose of Rules 78.04 and 81.05(a) is to eliminate delay in the period after judgment by setting a reasonable but absolute limit on the time during which the court may hold after-trial

motions under advisement. Kattering v. Franz, 360 Mo. 854, 231 S.W.2d 148, 149[1] (1950); see also; 2 Carr on Missouri Civil Procedure 535; a monograph: "The Civil Code Act of 1943," by Laurence M. Hyde and James M. Douglas, former judges of this court. *Id*. at 562.

 Ninety days having elapsed since the date Roth and North American filed their motions for new trial or to amend the December 18, 1969, decree, and no appeal having been taken, that decree became final for all purposes and beyond the reach of the court to amend, change or modify; at that point the court's jurisdiction lapsed, and it was without authority to act on the motions of Roth and North American. The court's entry of its amended decree on August 27, 1970, was in excess of its jurisdiction and the amended decree is void and should be stricken from the record. Crockett Oil Company v. Effie, 374 S.W. 2d 154, 155–156[1] (Mo.App.1964); State ex rel. Berbiglia, Inc. v. Randall, Judge, 423 S.W.2d 765, 769 [4] (Mo. banc 1968). A void judgment has no efficacy.

As stated, Roth also contends that the court was without jurisdiction to enter the decree of July 2, 1971, because the whole case was then pending in this court on appeal by Construction Enterprises and Manchester Bank from the August, 1970, decree. The court was, for this reason, without jurisdiction to enter the order and decree of July 2, 1971, and it is void. State ex rel. Berbiglia, Inc. v. Randall, Judge, supra, at 768 [3]. However, to so hold does not permit reinstatement of the August, 1970, decree as Roth requests, because it, too, is void. For the above reasons, the decree of July 2, 1971, as well as the decree of August 27, 1970, must be reversed. The result is, of course, that the decree of December 18, 1969, will be reinstated, the same result reached by the trial court when it tried to correct its prior error on July 2, 1971.

We have considered appellant Roth's point that he was "* * * misled by action of the trial court enlarging the time within which to rule on [his] motion for new trial even though the trial court may have lacked the power to make such orders * * *", and that for this reason the so-called "Unique Circumstances" doctrine enunciated in Harris Truck Lines, Inc. v. Cherry, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1965) should be applied. We do not agree. The extension of time was pursuant to Roth's own motion. He may not be heard to claim the court misled him by action he asked that it take.

The decrees of July 2, 1971, and August 27, 1970, are reversed and the cause is remanded with directions to reinstate the decree of December 18, 1969.

MORGAN, P. J., DONNELLY, J., and BUFORD, Special Judge, concur.