**L. P. WOOTEN, Plaintiff-Respondent,**

**v.**

**James HOWERTON, Defendant-Appellant.**

**No. 9851.**

Missouri Court of Appeals,
Springfield District.

March 26, 1975.

Bob J. Keeter, Schroff, Keeter & Glass, Springfield, for plaintiff-respondent.

Jon Dermott, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-appellant.

PER CURIAM.

This action was brought in the 29th Judicial Circuit Court to restore the integrity of plaintiff's 1970 Chevrolet half-ton pickup truck which suffered mightily as a result of its collision on the night of July 19, 1972, with a cow allegedly belonging to defendant. The cause came to trial on June 13, 1974, on which date the court entered a judgment in favor of defendant, the cow in question having been posthumously vindicated by a jury verdict.

Thereafter, on June 25, 1974, plaintiff filed a timely motion for new trial on behalf of his previously injured and now insulted truck. The learned trial judge, carefully pondering the points of error

urged in the motion, at length concluded that the truck had indeed been denied a full and fair consideration of its grievances, and undertook to remedy this defect by sustaining plaintiff's new trial motion on September 24, 1974. It is from this ruling that the owner of the outraged cow has appealed.

The appeal, however, is superfluous: the truck, alas, is doomed to bear its scars in silence, a victim of that very judicial meditation wherein its fondest hopes of mechanical rehabilitation once seemed to lie. This dire result is ordained by the concurrent application of Rules 81.05 and 78.06, V.A.M.R., and the vagaries of the Julian-Gregorian calendar, which arbitrarily and inconveniently assigns to the months of July and August the sum of 31 days. The tragedy is brought to fruition thus: Rule 81.05 provides that, "In the event a motion for a new trial is filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion." Under Rule 78.06 (formerly 78.04), such a motion is deemed denied if not ruled on within the ninety-day period. By dint of the unfortunate lengths of July and August, the ninetieth day following the filing of plaintiff's motion for new trial (June 25, 1974) fell on Monday, September 23, 1974. On that date the prior judgment "became final for all purposes and beyond the reach of the court to amend, change or modify; at that point the court's jurisdiction lapsed, and it was [thereafter] without authority to act . . . ." Highland Gardens Nursery, Inc. v. North American Developers, Inc., 494 S.W.2d 321, 324(3) (Mo.1973). Thus on September 24, 1974, the 29th Judicial Circuit Court had no jurisdiction over the instant cause, and its purported sustention of plaintiff's new trial motion on that date was, and is, void. Crockett Oil Co. v. Effie, 374 S.W.2d 154, 156(3) (Mo.App.1964). The judgment entered on June 13, 1974, stands, and the memory of the departed bovine remains untarnished. The order from which the instant appeal is prosecuted being a nullity, said appeal should be, and hereby is, dismissed.

It is so ordered.

All concur.

FLANIGAN, J., concurs in result.