**Belva Huddleston KUHN,**
**Plaintiff-Appellant,**

v.

**D. B. BUNCH and Flora L. Bunch,**
**Defendants-Respondents.**

**No. 9690.**

Missouri Court of Appeals,
Springfield District.

Oct. 16, 1975.

L. Thomas Elliston, Webb City, Myers, Webster & Perry (a Professional Corporation, on the brief), Webb City, for plaintiff-appellant.

Max H. Glover, Webb City, Charles D. Tudor, Joplin, for defendants-respondents.

PER CURIAM:

*January 25, 1974*—Judgment was entered for defendants in this court-tried case.

*February 8, 1974,* or 14 days after judgment, plaintiff timely filed "Motion to Amend Judgment" pursuant to Rule 73.01–1(c), V.A.M.R. The motion was heard the same day of its filing and was overruled.

*February 22, 1974,* or 14 days after the motion was overruled, plaintiff filed notice of appeal.

Even in the absence of a suggestion that the notice of appeal is out of time, we are duty bound to determine its timeliness because we lack appellate jurisdiction unless the notice of appeal was filed within

the time prescribed by Rule 81.04, V.A.M.R. *Jenkins v. Roberts*, 420 S.W.2d 24, 25[1] (Mo.App.1967).

Rule 81.05(a), V.A.M.R., provides, in part: "Authorized after-trial motions shall be treated as . . . a new trial motion for the purpose of ascertaining the time within which an appeal must be taken [and] [t]he filing and disposition of such motions has the same effect as to time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court." The rule also states that when a new trial motion, and hence any authorized after-trial motion, is passed on before the expiration of 90 days, the judgment becomes final for appeal "at the date of disposition of said motion."

 Plaintiff's authorized after-trial "Motion to Amend Judgment" (Rule 73.01–1(c), V.A.M.R.) deferred the finality of the judgment for appeal under Rule 81.05(a), V.A.M.R., to the same effect that a motion for a new trial would have deferred it. *Jenkins v. Jenkins*, 243 S.W.2d 804, 806–807[1] (Mo.App.1951). However, when the court overruled the motion, the judgment then became final. Rule 81.04 states: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Since the notice of appeal was not filed until the 14th day after the judgment became final, we have no jurisdiction and no alternative but to dismiss the appeal. It is so ordered.

All concur.