Larry Wayne CRAIGMYLE and Judy Carolyn Craigmyle, Plaintiffs-Appellants,

v.

BORBEIN YOUNG & COMPANY and Richard T. Maxwell, Defendants-Respondents.

No. 10084.

Missouri Court of Appeals, Springfield District.

Feb. 8, 1977.

Charles C. Shafer, Jr., Kansas City, for plaintiffs-appellants.

Glenn A. Burkart, Kenneth T. Walter, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendants-respondents.

STONE, Judge.

This is an appeal by plaintiffs Larry Wayne Craigmyle and Judy Carolyn Craigmyle from the judgment in a jury-tried action to recover for alleged personal injuries and property damage. As shown (a) by the filing stamp of the Circuit Clerk of Greene County on the copy of the notice of appeal mailed to the clerk of this court [Rule 81.07(d) V.A.M.R.] and (b) likewise by the filing stamp on the notice of appeal in the transcript subsequently filed here, the notice of appeal was filed in the office of said circuit clerk on *July 11, 1975.*

The notice of appeal includes the statement that "[a] motion for new trial was filed *March 28, 1975,* and has not been ruled

9. See 52 A.L.R.3d 9 (Fence or Gate Across Right of Way).

upon within 90 days and was accordingly denied pursuant to Civil Rule 78.06." (Emphasis ours) However, the aftertrial motion in the transcript includes a facsimile of the circuit clerk's filing stamp clearly showing that said motion was filed on *March 31, 1975.*

■ Judgment in a civil case challenged by timely aftertrial motion becomes final 90 days after the date of filing of such motion, if it has not been ruled in the meantime. Rule 81.05(a) V.A.M.R. According to instant plaintiffs the benefit of the later filing date of March 31, 1975, as shown in the transcript, the ninetieth calendar day after said filing date was Sunday, June 29, 1975. Hence, the permitted period for such filing was extended until the end of the following day, to wit, Monday, June 30, 1975. Rule 44.01(a) V.A.M.R. Since a notice of appeal must be filed "not later then ten days after the judgment or order appealed from becomes final [Rule 81.04 V.A.M.R.]", the last day for the filing of a notice of appeal in this case was Thursday, July 10, 1975. Accordingly, plaintiffs' notice of appeal filed on July 11, 1975, was beyond the permitted period and did not invest this court with jurisdiction.

■ Appellate jurisdiction must be demonstrated by the record on appeal in every case. Our *sua sponte* examination of the record compels the conclusion that this appeal must be dismissed for want of jurisdiction. *Kuhn v. Bunch,* 529 S.W.2d 200, 201 (Mo.App.1975). It is so ordered.

All concur.