**TRAVELERS INSURANCE COMPANY,**
**Plaintiff-Respondent,**

v.

**William L. FREIN, Defendant,**

**and**

**Colonial Cleaners & Shirt Laundry, Inc.,**
**Garnishee-Appellant.**

No. 38751.

Missouri Court of Appeals,
St. Louis District,
Division 1.

March 21, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Julius H. Berg, P. C., Mark D. Hirschfeld, Clayton, for garnishee-appellant.

Evans & Dixon, Jeffry S. Thomsen, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Colonial Cleaners & Shirt Laundry, Inc., appeals from an order and judgment entered in the circuit court of St. Louis County overruling appellant's motion for a new trial or for a rehearing. For reversal appellant argues that the trial court erred in overruling appellant's motion because (1) the default judgment against appellant was irregular and void and (2) the order of July 7, 1976, declaring the order of August 22, 1974, which set aside the default judgment, was null and void. For the reasons discussed below, we dismiss this appeal.

After a trial on the merits, judgment was entered in favor of respondent Travelers Insurance Company and against William L. Frein in the sum of $5063.77 plus costs and interest. A year later respondent initiated execution and garnishment proceedings against Frein as judgment debtor and appellant as garnishee to collect on the judgment. Appellant filed its answer to the writ of garnishment, denying that Frein

was an employee or that it owed Frein any money. Appellant did not answer respondent's interrogatories and supplemental interrogatories. After the trial court granted respondent's motion for default and inquiry, appellant filed answers to the supplemental interrogatories signed by Frein both in his individual capacity as a defendant and in his capacity as president of appellant corporation. The default and inquiry was later set aside.

Respondent filed a motion to compel appellant to answer its original interrogatories and to fully and completely answer its supplemental interrogatories, or in the alternative for a default judgment against appellant. Finally, on August 9, 1974, respondent filed a motion for default judgment for appellant's failure to answer the original interrogatories and failure to fully and completely answer the supplemental interrogatories. On August 19, 1974, the trial court sustained the motion for default judgment and entered judgment in favor of respondent and against appellant in the sum of $5063.77 plus costs and interest.

On August 22, 1974, appellant filed a memorandum requesting leave of court to file answers to the original interrogatories and a motion to set aside the default judgment. This memorandum, now in the court file, contains a handwritten notation, "For good cause shown 90.13 C (sic) Rules," signed by the trial court. On March 20, 1976, respondent filed a motion to declare the purported order of August 22, 1974, null and void and the judgment final. On July 7, 1976, after a hearing, the trial court found that the judgment of August 19, 1974, had not been set aside by the purported order of August 22, 1974, and declared the judgment of August 19, 1974, was final.

On July 15, 1976, appellant and Frein filed a "Motion for rehearing or motion for new trial." This matter was heard on November 15, 1976, and on November 24, 1976, the trial court overruled the motion. On December 3, 1976, appellant filed its notice of appeal.

■ An appeal is ineffective if the notice of appeal is not filed within ten days after the judgment appealed from becomes final. Rule 81.04, V.A.M.R. Because the notice of appeal was not timely filed in this case, the appeal is ineffective and must be dismissed. We do not have jurisdiction over this appeal. Rule 81.04, V.A.M.R.; see e. g., *Winkelman v. Neuner,* 542 S.W.2d 551 (Mo. App.1976); *Budget-Easy, Inc. v. Burd,* 539 S.W.2d 740 (Mo.App.1976).

■ The procedural history of this case is somewhat unclear.[1] If the default judgment entered on August 19, 1974, did not become final until the court order of July 7, 1976, this appeal is ineffective because appellant did not file a notice of appeal within ten days after July 7, 1976. Rule 81.04, V.A.M.R.; see e. g., *Budget-Easy, Inc. v. Burd,* supra. Even if the default judgment entered on August 19, 1974, did not become final as of July 7, 1976, contrary to the plain meaning of that order, the appeal is still ineffective. Appellant filed its motion for rehearing or for new trial[2] on July 15, 1976, but the motion was not called up for hearing until November 19, 1976, and was not decided until November 24, 1976. Because no action was taken within ninety days after the motion was filed, it was

1. As discussed above, the default judgment was entered on August 19, 1974. On August 22, 1974, appellant's motion to set aside the default judgment was sustained. Almost two years later, on July 7, 1976, respondent's motion to declare the August 22, 1974 order null and void and the August 19, 1974 judgment final was sustained. The status of the case during this interim period and the reasons for the delay do not appear in the record.

2. Appellant in its brief argues that it is attacking the judgment of August 19, 1974, as irregular pursuant to Rule 74.32, V.A.M.R., and

§ 511.250, RSMo 1969, and is within the specified three year statute of limitations. We note, however, that appellant failed to challenge the irregularity of the judgment in its motion for rehearing or for new trial as required by Rule 74.32, V.A.M.R.; e. g., *State ex rel. Jones v. Reagan,* 382 S.W.2d 426 (Mo.App.1964), and may not raise this issue for the first time on appeal, e. g., *Schopp v. Continental Underwriters Co.,* 284 S.W. 808 (Mo.App.1926). At any rate, we do not reach the merits because the appeal must be dismissed.

therefore deemed to have been denied. Rule 78.06, V.A.M.R.; see, *e. g., Highland Gardens Nursery, Inc. v. North American Developers, Inc.,* 494 S.W.2d 321 (Mo.1973); *Wooten v. Howerton,* 521 S.W.2d 478 (Mo. App.1975). For this reason, even if the judgment did not become final until ninety days after July 15, 1976, or October 13, 1976, this appeal is ineffective because the notice of appeal was not filed until December 3, 1976, more than ten days after the judgment became final. Rules 81.04, 81.05, V.A.M.R.; see, *e. g., J & P Trust v. Continental Plants Corp.,* 541 S.W.2d 22 (Mo.App. 1976) and *Phillips v. Frazier,* 537 S.W.2d 251 (Mo.App.1976).

Appeal dismissed.

CLEMENS, P. J., and SMITH, J., concur.