Joe Bill NIMMO, Petitioner-Appellant,

v.

Ruth Ann NIMMO, Respondent.

No. 11899.

Missouri Court of Appeals,
Southern District,
Division One.

May 5, 1981.

James R. Fossard, Springfield, for petitioner-appellant.

Charles LeCompte, Springfield, for respondent.

GREENE, Presiding Judge.

This appeal evolved from a legal history almost incapable of description. Basically, what we have here is a judgment-creditor in one suit (respondent) executing on the debtor's (petitioner) favorable judgment against a third party in a second suit.

The underlying case was for dissolution of marriage wherein a 1978 decree gave the wife (respondent) a judgment for "alimony in gross" in the sum of $3,060, but made satisfaction of that judgment dependent upon, and restricted to, the sale of certain real estate in which the petitioner-husband had an equitable interest under a contract for deed. The legal owners of the property then joined with respondent in a quiet title suit against petitioner. He counterclaimed against the legal owners for breach of contract, and received a judgment against the legal owners for breach of contract in the sum of $3,981.36.

Respondent then filed a motion to authorize execution of her judgment against the amount awarded petitioner on his counterclaim in the second suit. After taking the matter under advisement, the trial court, on May 27, 1980, wrote the parties a letter, which reads as follows:

"Gentlemen:

Re: Joe Bill Nimmo v. Ruth Ann Nimmo

Case No. 88015–1

I regret the delay that has occurred in making a decision in this case, but it was due to the fact that I had several cases to decide, and also I went on a week's vacation.

I have reviewed this case several times, and while we recognize the brief filed on behalf of the petitioner is well considered, we are of the opinion that to accept the petitioner's position would be to divert the intention of the court in rendering its decree. Judge Bacon found that the respondent should have a judgment for alimony in gross in the amount of $3,060. It was then necessary for the court to find the means by which petitioner could satisfy the judgment, and the logical place would be the sale of the residence located at 2622 North Howard, Springfield, Missouri. The fact that that property was not in fact sold but rather that the petitioner was reimbursed for monies paid on the contract, does not excuse him from satisfying the alimony judgment from these proceeds.

In consequence, we will request that Mr. LeCompte, attorney for movant, prepare appropriate orders for the court so as to permit movant to obtain satisfaction of her judgment in the amount of $3,060, for alimony, the payment of attorney fees which have been unpaid, and also any delinquent child support payments.

Yours very truly,
Jack A. Powell
Circuit Judge, Division 1"

Respondent's attorney did not prepare any order for the court to sign which would constitute the basis for an appeal. The only docket entry germane to this issue is dated

May 27, 1980, and reads, "Court writes letter to attorneys setting forth findings. Attorney LeCompte to prepare order." On June 6, 1980, petitioner filed a motion for reconsideration of the judge's position on the matter. No action was taken by the court on the motion. Petitioner then filed a notice of appeal, which stated that the judgment or order appealed from was the "Ruling by Court that appellants [sic] judgment in another case is subject to execution to satisfy maintenance grant in dissolution decree."

An order authorizing execution, like an order quashing execution, is a special order after final judgment and, as such, is appealable. § 512.020, RSMo 1978; *Anderson v. Anderson*, 404 S.W.2d 206, 207 (Mo.App.1966). The trouble here is that no such order was entered. The trial judge's letter of May 27, 1980 certainly cannot be considered as a final "order" from which an appeal would lie, as it does not purport to be the last word on the subject. The trial court's docket entry on the same date is of no help. The net result of the entry merely states that one of the attorneys would prepare the order to support the thoughts expressed in the judge's letter.

While the issue of jurisdiction of this court to proceed in this case, at this time, has not been raised by either party, it is our duty of determine if there has been a final judgment, or order, from which an appeal will be. *Kansas City Power & Light Company v. Kansas City*, 426 S.W.2d 105, 107 (Mo.1968). We determine that no such judgment or order has been filed in this case.

The appeal is dismissed and the cause remanded to the trial court for entry of an appealable order or judgment.

All concur.