**In the Matter of the Trust Estate Created by the Will of Ernest Henry MITHOE-FER (Deceased), Charles L. Hickman, Trustee, Respondent,**

v.

**Reinhard H. MEYER, et al., Petitioners-Appellants.**

No. 43308.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Howard L. Snowden, LaGrange, for petitioners-appellants.

Harry J. Mitchell, Palmyra, for respondent.

SNYDER, Judge.

This is an appeal from a purported judgment denying appellants' motion to vacate a trial court order to make partial distribution of the Mithoefer Trust estate, particularly that part of the court's order authoriz-

ing the payment of $27,785 to Charles Hickman, the trustee, for his services. Appellants, several of the trust beneficiaries, urge that the order below be vacated, alleging the trial judge abused his discretion by allowing a fee based on five percent (5%) of the value of the trust estate real and personal property which was distributed to the beneficiaries.

Respondent's motion to dismiss the appeal for failure to file a timely notice of appeal is granted.

On May 7, 1980 the trustee filed his accounting and petition for distribution of the remaining assets of the trust estate, including a request for allowance of a trustee's fee of $27,785. The trial court entered an order, also on May 7, 1980, approving the accounting and allowing the distribution and trustee's fee.

Appellants filed a motion entitled, "Objection to Petition to Make Partial Distribution and for Vacation of Order" on May 12, 1980, in which they alleged that no notice of the filing of the petition had been given to appellants and that the trustee's fee requested in the petition was excessive and unreasonable. They requested that evidence be taken at a hearing to determine "the reasonableness of attorney fees of said trustee" and that the order granting those fees be vacated. An evidentiary hearing was held June 4, 1980 after notice to all parties. On July 14, 1980 the judge made a docket entry overruling and denying the objections of appellants. The trial court denied appellants' request of July 21, 1981 that an order be entered to that effect, notifying appellants' attorney on July 23, 1980 that his ruling on appellants' motion did not require an order. Notice of appeal "from the Order entered in this action on the 14th day of July 1980" was filed August 18, 1980.

Respondent has moved to dismiss the appeal, arguing that appellants were required to file a notice of appeal within ten days of the denial of their post-trial motion, appeal being from the order of May 7, 1980 authorizing the trustee's fee. Under respondent's analysis, appellants had until July 24, 1980 to file notice of appeal. No appeal could be taken from the denial of appellants' post-trial motion because it was not an appealable order. Appellants protest that notice of appeal was filed within ten days of August 14, 1980 when the "order" of July 14, 1980 became a final judgment. Respondent's analysis is persuasive and leaves this court without appellate jurisdiction. Rule 81.04. *Travelers Insurance Co. v. Frein*, 566 S.W.2d 239, 240[1] (Mo.App. 1978); *Kuhn v. Bunch*, 529 S.W.2d 200, 201[2, 3] (Mo.App.1975).

In his order of May 7, 1980 the trial judge found "that $27,785.00 is a reasonable charge by the trustee for his services" and authorized payment of that amount from the funds of the trust. This judgment became final July 14, 1980 when the judge ruled on appellants' motion after a hearing. Rule 81.05. This court is without jurisdiction to hear the appeal because notice was not filed within ten days of that date. Rule 81.04. *Travelers Insurance Co. v. Frein, supra; Kuhn v. Bunch, supra.* No special order permitting the late filing of a notice of appeal was requested from the appropriate appellate court as allowed by Rule 81.07(a). Therefore, the appeal must be dismissed.

Dismissal of this appeal on procedural grounds results in no injury to appellants. Respondent properly submitted his commissions to the trial court for approval and allowance. See *Morrison v. Asher*, 361 S.W.2d 844, 851[11–15] (Mo.App.1962); *Bolles v. Boatmen's National Bank*, 363 Mo. 949, 255 S.W.2d 725, 736[18, 19] (1953). The trustee's fee was found reasonable by the trial court and nothing presented in the hearing on appellants' motion persuaded the trial court to amend that finding. Substantial evidence adduced at the hearing supported the award of $27,785. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The trial court's judgment would have been affirmed on the merits. *First National Bank of Kansas City v. Hyde*, 363 S.W.2d 647, 656[21] (Mo.1962); *Bolles v. Boatmen's National Bank, supra.*

The appeal is dismissed.

CRIST, P.J., and WEIER, J., concur.