Flossie TAYLOR, et al.,
Plaintiffs-Appellants,

v.

F.W. WOOLWORTH COMPANY, a corp.,
Defendant-Respondent.

No. 63691.

Supreme Court of Missouri,
En Banc.

Nov. 9, 1982.

Samuel A. Goldblatt, William R. Kirby, St. Louis, plaintiffs-appellants.

Eugene K. Buckley, St. Louis, for defendant-respondent.

WELLIVER, Judge.

The principal issue in this case is whether an appellate court has the power to remand a case for a direct ruling on a motion for a new trial that has been indirectly overruled by operation of law because there was no direct ruling within the period prescribed by the rules.

## I

Appellants brought this action after appellant Flossie Taylor was injured when she slipped and fell in one of respondent's stores. The jury awarded appellant Flossie Taylor $70,000 for her injuries and awarded appellant Jesse Taylor $2,500 for expenses and loss of his wife's services. Respondent filed a timely motion for a judgment notwithstanding the verdict in accordance with its motion for a directed verdict or, in the alternative, for a new trial. The motion for a new trial asserted, inter alia, that the verdict was against the weight of the evidence. The trial court granted respondent's motion for judgment notwithstanding the verdict but failed to rule on the alternative motion for a new trial. Appellants filed their notice of appeal seventy-four days after the motion for a new trial was filed. The court of appeals reversed the trial court's entry of judgment notwithstanding the verdict but remanded the case with directions that the trial court rule on the motion for a new trial. *Taylor v. F.W. Woolworth Co.*, 592 S.W.2d 210 (Mo.App. 1979). Appellants applied here for transfer, which we denied. Thirty-eight days after the mandate of the court of appeals was filed, the trial court granted a new trial on the ground that the verdict was against the weight of the evidence. Appellants again appealed, asserting (1) that under Rule 78.-06 the trial court had no jurisdiction be-

cause more than ninety days had elapsed from the filing of the motion; (2) that the assigned ground for a new trial—that the verdict was against the weight of the evidence—presented nothing for the trial court or the appellate court to review; and (3) that the action of the trial court was arbitrary, unreasonable, and an abuse of discretion. The Missouri Court of Appeals, Eastern District, affirmed, and we granted transfer, Rule 83.03, to determine the applicability of Rule 78.06 to these facts and to resolve an apparent inconsistency between the rules of court and our cases. We review as if on original appeal, Rule 83.09, and we affirm.

## II

■ Several rules of law are relevant to our consideration of appellants' first argument. An appellate court lacks jurisdiction whenever the judgment appealed is not finial. *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 231 (Mo. banc 1969); § 512.020, RSMo 1978. A notice of appeal filed prematurely is considered to be filed immediately after the judgment becomes final. Rule 81.05(b). A judgment is not final until motions for a directed verdict and for a new trial have been disposed of. Rule 78.04. A judgment becomes final at the expiration of ninety days after the filing of a motion for a new trial or at the disposition of the motion if it is passed on earlier. Rule 81.-05(a). Finally, Rule 78.06, the effect of which is at issue in this case, states that a motion for a new trial not passed upon within ninety days after it has been filed is denied for all purposes.

■ Reading the above rules together, the conclusion is inescapable that when the court of appeals remanded the case for a ruling on the motion for a new trial, the motion had already been denied by operation of law. The ninety days prescribed in Rule 78.06 had passed. The original court of appeals' decision did not conflict with *Highland Gardens Nursery, Inc., v. North American Developers, Inc.,* 494 S.W.2d 321 (Mo.1973), which had held that a *trial court* may not extend the ninety day period it has

in which to rule on a motion for a new trial. The real issue remains, however, whether an appellate court has the power to remand a case for a direct ruling on a motion for a new trial that has been indirectly overruled by operation of law. We hold that it does.

■ This case highlights an anomaly in our civil litigation system. The trial court's failure to rule on an alternative motion for a new trial ordinarily poses no problem because the appellate court can treat the motion as ruled on automatically and make its own ruling. An appellate court cannot make its own ruling, however, when the motion for a new trial alleges that the verdict was against the weight of the evidence. *See State ex rel. State Highway Commission v. Eilers,* 406 S.W.2d 567, 575 (Mo.1966). Such a motion must be ruled upon "by a judge who had the benefit of listening to the testimony and judging its weight." *Smith v. Old Warson Development Co.,* 479 S.W.2d 795, 801 (Mo. banc 1972). Justice cannot be complete, therefore, unless the trial court is allowed to decide whether a new trial should be granted because the verdict is against the weight of the evidence when, as here, the appellate court reverses the trial court's entry of judgment notwithstanding the verdict.

Although never before commenting upon the fact that a motion for a new trial already may have been denied by operation of law, this Court has required one trial court to rule on a motion in fact so denied and has denied another trial court the opportunity to do so. In *Medical West Building Corp. v. E.L. Zoernig & Co.,* 414 S.W.2d 287, 295 (Mo.1967), we reversed a directed verdict but remanded the case for the trial court to consider and rule upon the respondent's motion for a new trial. We did so in the interests of justice and noted that the appellant there had offered no objection. In *Smith* we indicated that in the interests of justice a cause may be remanded for a ruling on an alternative motion for a new trial. We did not remand that case, however, because the trial judge had since died and because a motion for a new trial on the ground that the verdict was against the

weight of the evidence should be ruled on by the judge who heard the evidence. 479 S.W.2d at 801.

Rule 72.01(d) became effective January 1, 1975, after *Zoernig* and *Smith* were decided. It provides in relevant part that "[i]f the appellate court reverses the judgment, *nothing in this Rule precludes it* from determining that the respondent is entitled to a new trial, or *from directing the court to determine whether a new trial shall be granted."* *Id.* (emphasis added). Rule 72.01(d), promulgated by this Court under its constitutional authority, *see* Mo. Const. art. V, § 5, recognizes that which *Zoernig* and *Smith* implied and which we now specifically hold: that an appellate court possesses the inherent power to remand a case for a direct ruling by the trial court whether a motion for a new trial should be granted on the ground that the verdict was against the weight of evidence even though the motion has been indirectly overruled by operation of law.

 Our system of law provides for appellate review in order to effectuate justice. We would frustrate justice were we to hold that this case could not be remanded for a determination by the trial court whether the verdict was against the weight of the evidence. In this case the trial court actually did grant a new trial when given the opportunity. This fact, coupled with our review of the entire record, convinces us that justice requires that the trial court be given an opportunity to correct its oversight in failing to rule on the motion.[1]

### III

 Appellants make two other arguments.[2] Appellants contend that respondent's assigned ground for a new trial—that the verdict was against the weight of the evidence—presented nothing for trial or appellate review. That is true as to appellate review, but it is not true as regards the

1. The court of appeals opinion raised the issue of the length of time the trial court has in which to rule upon the motion once an appellate court mandates that it do so. It suffices to say that under the circumstances of this case we believe the trial court acted within a reasonable time. We will not attempt to say within how many days the trial court must comply

trial court. *Robbins v. Robbins,* 328 S.W.2d 552, 556 (Mo.1959). The trial court may grant one new trial on the ground that the verdict is against the weight of the evidence. Rule 78.02. Respondent's assignment adequately presented a discretionary ground for the award of a new trial by the court. Appellants argue, however, that for a variety of reasons the action of the trial court was arbitrary, unreasonable, and an abuse of discretion. At the heart of this contention is appellant's conclusion that the court of appeals' finding in the previous appeal of this case that appellants made out a submissible case, *Taylor v. F.W. Woolworth Co.,* 592 S.W.2d at 212, precludes the trial court's finding that the verdict was against the weight of the evidence. Such a conclusion misconceives the distinction between the sufficiency and the weight of the evidence. The sufficiency of the evidence is a question of law, but the weight of the evidence is a matter of discretion. *See Lifritz v. Sears, Roebuck & Co.,* 472 S.W.2d 28, 32–33 (Mo.App.1971). The court of appeals' ruling that the evidence was sufficient to make out a submissible case was not a determination of the weight to be accorded that evidence. That determination is left to the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *King v. Kansas City Life Insurance Co.,* 350 Mo. 75, 87, 164 S.W.2d 458, 464 (banc 1942). There was sufficient evidence contrary to, and impeaching of, appellants' testimony to justify the trial court's conclusion that the verdict was against the weight of the evidence. We find no abuse of discretion.

The order of the trial court granting a new trial is affirmed.

DONNELLY, C.J., RENDLEN, SEILER, and HIGGINS, JJ., and MORGAN, Senior Judge, concur.

with the mandate of an appellate court except to say that it should do so promptly. Certainly no new 90-day period is triggered. In general, action within thirty days would be reasonable.

2. We adopt the court of appeals' holdings and borrow from its opinion without use of quotation marks.

GUNN and BILLINGS, JJ., not participating because not members of the Court when cause was submitted.