Richard **DAYRINGER**, Respondent,

v.

Leo M. **MULLEN** and Delores I. **Mullen**, Appellants.

No. WD 33667.

Missouri Court of Appeals, Western District.

March 8, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 3, 1983.

Application to Transfer Denied June 30, 1983.

Peter J. Koppe, Kansas City, for appellants.

John E. McKay, Kansas City, for respondent.

Before TURNAGE, P.J., and CLARK and KENNEDY, JJ.

CLARK, Judge.

Leo M. and Delores I. Mullen, defendants below, were sued by respondent Dayringer for damages in a cause of action alleging malicious prosecution and abuse of process. A jury awarded Dayringer actual damages of $55,004.00 and assessed punitive damages of $200,000.00 each against Leo and Delores. An after trial order reduced the punitive damages against Delores to $25,000.00 and judgment was entered for Dayringer in the revised total of $280,004.00. The Mullens appeal.

Although litigation between these parties has continued for more than ten years, a brief review of that litigation will suffice for purposes of this opinion. The disputes apparently had their origin in a real estate transaction wherein Mullen purchased a small farm plot from Dayringer. Soon after the sale was closed, Mullen complained that the quantity of acreage was not as represented and that Dayringer had not made repairs to a building as the contract required. The dispute was not resolved and Mullen sued Dayringer alleging fraud and misrepresentation of the land sold. That action was ultimately concluded in favor of Dayringer. The subject suit then followed in which Dayringer claimed the Mullen suit had been frivolous and pursued by Mullen solely to cause damage to Dayringer's reputation. Dayringer claimed mental anguish, humiliation and harassment and the expense of attorney fees. A substantial portion of the claim rested on proof of Mullen's continuing efforts to secure appellate review of the adverse judgment in the original action.

Appealing from the result below, Mullen presents ten points of alleged trial error. One of those points is dispositive and requires that the judgment be reversed. In character with the somewhat bizarre nature of this litigation, the error is unusual but not unique.

The chronology of events commencing with the jury verdict is decisive and, following the example of *Blythe v. Blythe,* 630 S.W.2d 198 (Mo.App.1982) where a similar problem was addressed, the procedural developments are set out by the calendar as follows:

*January 29, 1982:* The jury returned its verdict and the court enters judgment for plaintiff in accordance with the verdict.

*February 13, 1982:* Defendants Mullen file their motion for new trial.

*March 4, 1982:* The court sustains the motion of defendants and grants a new trial for error in the admission of plaintiff's exhibit.

*March 11, 1982:* Plaintiff files "Motion for Reconsideration and Reinstatement of the Jury Verdict."

*March 15, 1982:* The court sustains plaintiff's motion for reconsideration, sets aside its order of March 4, overrules all post-trial motions of defendants conditionally on remittitur by plaintiff of $175,000 of the jury award.

*March 18, 1982:* The court enters judgment for plaintiff on the jury verdict reduced by remittitur.

Mullen contends there is no procedural sanction by statute or rule for an after trial motion to reconsider a ruling on a motion for new trial. He argues that the trial court lacks jurisdiction to recant once the new trial motion has been ruled. Although Mullen cites no authority for his contention, the point is well taken and is supported by a number of cases.

Rule 81.05(a) provides, in the event a motion for new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion. Notice of appeal must be filed not later than ten days after the judgment or order appealed from becomes final. Rule 81.04(a). The time for filing a notice of appeal under Rule 81.04 cannot be extended. Rule 44.01(b).

In a case frequently cited on the subject, *Bank of Thayer v. Kuebler,* 240 Mo.App. 776, 219 S.W.2d 297 (1949), plaintiff had a verdict from the jury and judgment was entered on the verdict that date, November 19, 1947. A new trial motion was filed by the defendant November 29, 1947. On February 7, 1948, the court overruled the motion but apparently failed to give actual notice of the ruling to defendant. To permit the defendant an opportunity to appeal, the trial court entered an order February 26, 1948 in which it set aside the February 7 order and entered a new order as of February 26, overruling the new trial motion. On appeal, defendant contended there as Dayringer does here that the trial court had jurisdiction to reconsider the disposition of the new trial motion because action was taken within ninety days after the motion was filed and within thirty days after rendition of the original order. Denying the contention that notice of appeal filed within ten days after February 26, 1948 was timely, the court stated at p. 299:

"When, within 90 days after the motion for new trial was filed, the court disposed of it by overruling it (February 7, 1948), the judgment then became final (citation omitted). Thereafter, the court had no further authority to disturb the judgment or its finality."

To like effect are the decisions in *Blythe v. Blythe,* 630 S.W.2d 198 (Mo.App.1982) and *Godsy v. Godsy,* 521 S.W.2d 449 (Mo.App.), appeal dismissed, 423 U.S. 887, 96 S.Ct. 181, 46 L.Ed.2d 119 (1975).

The action by the trial court reflected in the entries of March 15 and March 18, 1982 was contrary to the civil rules and in excess of the court's jurisdiction. The March 4, 1982 order granting Mullen a new trial was final when entered and was subject only to review on appeal. Dayringer had ten days from that date in which to file his notice of appeal and, having failed to do so and the time for late notice of appeal under Rule 81.07 having expired, the order for a new trial is the controlling disposition of the case.

In a supplementary brief, Dayringer has cited the case of *Taylor v. F.W. Woolworth Company,* 641 S.W.2d 108 (Mo. banc 1982) contending that decision stands for the proposition that a trial court retains "inherent jurisdictional discretion" to change a ruling on a motion for new trial even though ninety days may have elapsed from the date the motion was filed. Dayringer misstates and misconstrues the import of the *Taylor* case.

In *Taylor,* the defendant filed in the trial court a motion for judgment notwithstanding the verdict and a motion for a new trial based on the claim that the verdict of the jury was against the weight of the evidence. The trial court sustained the first motion, entered judgment for the defendant but made no ruling on the new trial motion. The opinion holds that the appellate court has jurisdiction under Rule 72.-01(d) to remand a case to the trial court for a ruling on a new trial motion where the weight of the evidence is involved. The case is of no aid to Dayringer because it involves only the question of appellate jurisdiction and then, only in the limited circumstance of an unruled new trial motion coupled with a motion for judgment n.o.v. Moreover, *Taylor* reaffirms the rules dispositive here, that the trial court is incapable of extending the time provided in Rule 78.-06 and that the judgment becomes final when the trial court enters its ruling on the new trial motion.

The result of the foregoing is the conclusion that the March 4, 1982 order of the trial court granting Mullen a new trial for error in the reception of evidence was a final disposition which was not appealed. The orders of March 15, and March 18, 1982 were in excess of the trial court's jurisdiction and were void and of no force or effect. No other subjects briefed or argued in the case on this appeal may be validly considered.

The judgment of March 18, 1982 is reversed, the order of March 4, 1982 is reinstated and the case is remanded for a new trial. Costs are assessed against respondent.

All concur.