**MERCANTILE TRUST COMPANY,**
**Respondent,**

v.

**Mary E. HOLST, Appellant.**

No. 46663.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 7, 1984.

Lewis Steven Goldblatt, St. Louis, for appellant.

William Gerald Reeves, Farmington, for respondent.

CRANDALL, Judge.

This case involves a suit against defendant Mary E. Holst, appellant herein, to recover an amount claimed to be due and owing to plaintiff Mercantile Trust Company, respondent herein, for credit card charges. The case was tried before a jury and a verdict was returned in favor of defendant on August 27, 1982. On September 13, 1982, plaintiff filed a timely motion for judgment notwithstanding the verdict or in the alternative a new trial.[1] On December 15, 1982, the trial court sustained plaintiff's motion for judgment n.o.v. to the extent of $391 but failed to rule on plaintiff's motion for new trial. Defendant appeals. We reverse.

Defendant contends that plaintiff's post-trial motions were automatically overruled at the end of ninety days (December 12, 1982), and therefore the trial court did not have jurisdiction to grant plaintiff's motion for judgment n.o.v. on December 15, 1982. We agree. Rule 78.06 provides that if a motion for new trial is not passed on within ninety days after it is filed, "it is denied for all purposes." The motion for judgment n.o.v. is deemed overruled on the same date. Rule 81.05(a). We therefore hold that the trial court's order, entered more than ninety days after plaintiff filed its post-trial motions, was a nullity and void on its face. *Wooten v. Howerton,* 521 S.W.2d 478 (Mo.App.1975).

Plaintiff argues that even if the trial court's ruling on the motion for judgment n.o.v. is held to be a nullity, the case should be remanded for a ruling on the motion for new trial. When a trial court has timely ruled on a post-trial motion but has failed to rule on other motions, an appellate court has the power to remand the case to permit the trial court to correct its oversight. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 111 (Mo. banc 1982). When all post-trial motions have been overruled by operation of law, no such power exists.

We therefore hold that the judgment entered in favor of the defendant pursuant to the jury verdict is in full force and effect. The order of the trial court granting plaintiff's motion for judgment notwithstanding the verdict is reversed.

KAROHL, P.J., and REINHARD, J., concur.

---

1. The fifteenth day for plaintiff's post-trial motion fell on September 11 which was a Saturday. The time for filing was therefore extended to September 13. Rule 44.01(a).