E. Michael MATTOX, et al., Appellant,

v.

ISOKINETIC COMPANY, et al., Respondent.

No. WD 36928.

Missouri Court of Appeals, Western District.

March 11, 1986.

Richard L. Wasserstrom, Wasserstrom & Wasserstrom, Kansas City, for appellant.

George E. Kapke, Independence, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

This case involves a suit by Mattox, the plaintiff, against one of the defendants, Hughes, for damages for assault. The jury returned a verdict for Mattox and awarded him $2,000 actual and $20,000 punitive damages. After entry of judgment for $22,000, the trial court granted Hughes' motion for a new trial. Mattox appeals the new trial order.

Judgment on the verdict was entered on December 7, 1984. Hughes filed a timely motion for new trial on December 21, 1984. Rule 78.04. Under Rule 78.06, the trial court had ninety days to rule on the new trial motion, and if the court did not act on the motion within that time, "it is denied for all purposes."

On April 4, 1985, after more than ninety days from the filing of the new trial motion, the court entered an order sustaining the motion. It is from this order that the plaintiff appealed on April 10, 1985.

Only Mattox filed a brief on appeal. The plaintiff's brief does not raise the issue of application of Rule 81.05(a), which states that when a motion for a new trial is timely filed, the judgment "becomes *final* at the expiration of ninety days after the filing of such motion" (emphasis added). Although not raised by the parties, this court has a duty to inquire into the jurisdictional aspect of the appeal. *See Blythe v. Blythe*, 630 S.W.2d 198, 199 (Mo.App.1982).

This court must rule the trial court's order sustaining the motion for a new trial after ninety days from the filing date was a nullity and void on its face. *Mercantile Trust Co. v. Holst*, 665 S.W.2d 370, 371 (Mo.App.1984); *see also Dayringer v. Mullen*, 651 S.W.2d 500, 501 (Mo.App.1983). The trial court had no jurisdiction to grant the new trial motion, which was deemed denied at the expiration of ninety days after the filing of the post-trial motion. The judgment entered on the jury verdict for

$2,000 actual and $20,000 punitive damages is in full force and effect. The trial court's order for a new trial is reversed.

All concur.