STATE of Missouri ex rel. Betty McDANIEL, Relator,

v.

The Honorable William H. PINNELL, Circuit Court Judge Barry County, Missouri, Respondent.

No. 15364.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 18, 1987.

Warren McDaniel and Betty McDaniel v. United Missouri Bank of Monett. That action was tried to a jury who rendered a verdict in favor of the defendant on February 25, 1987. Relator then timely filed a motion for new trial. She also filed other motions and a joint motion for new trial with the other plaintiff.

On April 14, 1987, respondent by letter instructed the circuit clerk to make a docket entry ruling those motions including that "Plaintiff Betty McDaniel's motion for New Trial is sustained." The letter closed with the statement that "Counsel for Betty McDaniel is directed to prepare a formal order in accordance with Court's findings herein." Copies of the letter were sent to the attorneys of record.

The docket sheet on that case in the circuit clerk's office shows that on April 16, 1987 the requested entry was made. On April 23, 1987 defendants filed a motion "for Reconsideration of Court's Order sustaining Plaintiff, Betty McDaniels [sic], Motion for New Trial." The next day an order dated April 23, 1987, signed by respondent, was filed in the circuit clerk's office "setting aside that portion of the docket entry made on April 16, 1987, sustaining Plaintiff Betty McDaniel's Motion for New Trial." By "Memorandum Opinion" dated June 16, 1987, respondent determined that his "letter of April 14, 1987, sustaining Plaintiff Betty McDaniels [sic] Motion for a new Trial did not constitute a final judgment since no formal order was prepared or executed pursuant to the Courts [sic] ruling and therefore the Court could reconsider its ruling and could set aside its ruling sustaining Plaintiff Betty McDaniels [sic] Motion for New Trial. (*Nimmo vs. Nimmo*, 616 S.W.2d 131)".

In that memorandum opinion the trial court determined "that it erred in its original ruling sustaining Plaintiff Betty McDaniel's Motion for New Trial and herewith overrules same." The memorandum opinion was shown on the docket sheet as filed on June 17, 1987. That day plaintiffs filed a notice of appeal to this court. An

Lynn E. Heitman, Gary Love, Springfield, for relator.

Raymond E. Whiteaker, John Cowherd, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

PREWITT, Presiding Judge.

Relator is a plaintiff in an action filed in the Circuit Court of Barry County styled

"Order" reflecting the findings and rulings stated in the memorandum opinion was dated June 22, 1987 and shown on the docket sheet as filed on June 24, 1987.

Thereafter relator informed respondent that she believed that the last valid order regarding her motion for new trial was the determination in respondent's letter, and the docket entry that she was granted a new trial, and relator requested that the case be placed on the court's docket and set for trial. Apparently respondent refused to do so. Thereafter relator filed this action in mandamus. This court issued a preliminary order. Pursuant to plaintiffs' motion to stay their appeal, the appeal was stayed pending this proceeding.

Relying primarily on *Dayringer v. Mullen,* 651 S.W.2d 500 (Mo.App.1983), relator contends that respondent, having sustained the motion, and that ruling not having been appealed, could not change his ruling. Applying Rule 81.05(a), *Dayringer* held that a March 4, 1982 order of the trial court granting a new trial which was not appealed became final when entered and could not be changed by an order on March 15, 1982.

Respondent does not contest the holding in *Dayringer.* He contends that mandamus is an improper remedy for relator because appeal is available and relator is not clearly entitled to the relief sought. Respondent asserts that he could reconsider and "set aside" his earlier statements appearing to sustain relator's motion for new trial because his letter and the docket entry "clearly establish an intent that further action was to be taken on the part of Relator's counsel and of Respondent and neither the letter of April 14 nor the docket entry of April 16 was intended by Respondent to be a final determination of the case."

In concluding in the memorandum opinion that no final determination on relator's *motion for a new trial* was made, respondent cited *Nimmo v. Nimmo,* 616 S.W.2d 131 (Mo.App.1981). That case found that there was no order entered when the trial court wrote a letter to counsel indicating what the court intended to do and asked that a party's attorney prepare "appropriate orders". The docket sheet there only stated that the court had sent the letter and the attorney was to prepare an order. This court concluded that there was no order from which to appeal as the "net result of the entry merely states that one of the attorneys would prepare the order to support the thoughts expressed in the judge's letter". 616 S.W.2d at 133.

Here, there was a letter and docket entry which covered all the issues and would have been sufficient to constitute an order unless, as respondent contends, the contemplation that counsel would prepare a "formal order" calls for a different result. The case turns on whether the letter and the docket entry or either is a disposition of the motion for new trial as contemplated by Rule 81.05(a). If so, when applying *Dayringer,* whose holding is not challenged, respondent no longer had authority to set aside his grant of a new trial.

Respondent relies on cases determining when a "final judgment" was entered. Although recognizing that a docket sheet entry can be a final judgment, in *Munn v. Garrett,* 666 S.W.2d 37, 39 (Mo.App.1984), this district held that where the trial court requested an attorney to prepare a "formal judgment" which the court thereafter signed, this established that the trial court did not intend the docket entry to constitute the document finally determining the rights of the parties and the docket entry was not the final judgment.

*Munn* was followed in this district by *Orgill Bros. and Co., Inc. v. Rhodes,* 669 S.W.2d 302, 303–304 (Mo.App.1984), and in the Western District by *Grantham v. Shelter Mutual Ins. Co.,* 721 S.W.2d 242, 245 (Mo.App.1986). The Eastern District may have reached a contrary result in *Riek v. Riek,* 708 S.W.2d 826, 828 (Mo.App.1986). It held that an oral recitation was a final judgment although the docket sheet reflected that an attorney was "directed to prepare a formal decree". If this district's

holding in *Munn* and *Orgill* or a similar principle is applicable to the disposition of a motion for new trial, then respondent is correct, and the preliminary order in mandamus was improvidentially issued.

*Byrd v. Brown*, 613 S.W.2d 695, 697–698 (Mo.App.1981), held that an order granting a new trial is a "final judgment" as used in Rule 81.07(a). That rule provides for appeal by special order after the time ordinarily provided for has expired. For the purpose of appeal and finality *Dayringer* seems to treat an order granting a new trial the same as a "final judgment".

 A "formal order" is not necessary for there to be a final judgment and the same should be true in ruling an after-trial motion. A proper docket sheet entry can suffice. However, a holding that the request for a "formal order" here was ineffective to delay the ruling would be inconsistent with the way judgments are treated in *Munn*, *Orgill* and *Grantham* and perhaps *Byrd* and *Dayringer*. When the court has expressed its ruling clearly in a docket sheet entry it might seem impractical to hold that a motion for new trial has not been ruled until counsel prepares and the court signs a "formal order" Many rulings are made near the end of the 90 day period allowed for sustaining such a motion, see Rule 81.05(a) and delaying the effective date of the ruling until such an order is prepared and signed might have the effect of overruling the motion when the court intended to do otherwise.

 We believe however, that we should be consistent with the holdings just mentioned and that if the trial court indicates in a docket sheet entry regarding an after-trial motion that the entry is not the final word on the subject but that a further order is contemplated, then the docket sheet entry is not the final disposition of the motion for new trial. To hold otherwise would nullify the effect of any further order although the trial court requested it and perhaps deemed it necessary to clarify or more fully express the ruling or, as

required by Rule 78.03, to "specify of record the ground or grounds on which said new trial is granted."

 However, we again emphasize that a "formal order" is not necessary in ruling an after-trial motion and a proper docket sheet entry can suffice. It could often be inadvisable to call for such an order because of the 90 day limitation set forth in Rule 81.05(a). The delay could cause a motion to be overruled when the court intended to sustain it.

Respondent was correct that there had not been a final disposition of relator's motion for new trial at the time he denied it. The preliminary order is dissolved.

HOGAN and FLANIGAN, JJ., concur.

MAUS, J., disqualified.