**Janice Delores BAIRD,
Petitioner–Appellant,**

v.

**Harry Lanning BAIRD,
Respondent–Respondent.**

**No. 58048.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 1991.

Daniel J. Pingilton, Columbia, for petitioner-appellant.

Dorothea Christine Carpenter, Columbia, for respondent-respondent.

CRANDALL, Chief Judge.

Janice Delores Baird (wife) appeals from a ruling of the trial court which construed a previous court ruling, styled "Tentative Findings and Order," as final and enforceable. The "Tentative Findings and Order" had been entered following a hearing on a motion for contempt brought by wife against Harry Lanning Baird (husband) for his failure to comply with the decree of dissolution of the parties' marriage. We dismiss the appeal.

By way of background, the record establishes that the marriage of the parties was dissolved in April 1979. Pursuant to the decree of dissolution, wife was awarded

custody of the parties' two daughters, one born in April 1966 and one in January 1969. The decree divided the marital property and ordered husband to pay, on a monthly basis, maintenance of $100 and child support of $160 per child, child support payable through the court. In December 1980, the decree was modified: husband was ordered to pay the original amount of maintenance through the court; child support was increased to $190 per child; and wife was awarded $3,800, payable at the rate of $100 per month, to resolve a dispute arising from the division of marital property in the original decree. Neither party appealed from that modification. Husband continuously refused to comply with the decree, necessitating several contempt proceedings against him.

On May 23, 1984, the court conducted a hearing on wife's then-current motion for contempt. At that hearing, both parties were present and represented by counsel. Neither husband nor wife testified. The evidence before the court consisted of the 1980 dissolution decree and the circuit clerk's records pertaining to husband's payments of child support and maintenance. Counsel for both parties represented verbally to the court that the parties had reached the following agreement: monthly child support was reduced to $125 per child with the caveat that it would cease for the older child when she graduated from high school; the amount of maintenance was changed to $125 per month; and, with certain exceptions based upon husband's employment and/or earnings, husband was to pay $250 per month to wife to offset the arrearage resulting from husband's nonpayment of support. No other evidence was adduced; there were no pleadings before the court other than wife's motion for contempt.

Near the end of the hearing, the court stated:

I would suggest that each of you get in personal contact with your clients to go over what you've drawn up as a *proposal* and have them initial and *sign it or indicate that that's what they under-*

*stand* so we won't have any argument about that in the future.

\* \* \* \* \* \*

*This is not over until we get it in writing, and you all have agreed to it,* and I have signed it, and we've got a complete new deal on visitation and a complete new deal on child support. Hopefully by then, we'll also have an agreement as to the amount of the arrearages.

(emphasis added). On the date of the hearing, the court placed on the record its so-called "Tentative Findings and Order" which reiterated the terms of the agreement as presented orally by counsel. The trial court found husband in contempt and determined the amount of the arrearage to be $17,457.86. The last sentence of the court's "order" instructed husband's counsel "to prepare an Agreement for the parties and a proposed Order for the court...." No written agreement or proposed order was ever presented to the court.

On June 15, 1984, the court received a letter from wife informing the court that she declined to accept a $500 check from the circuit clerk. She stated, "I was not fully informed as to the entire agreement before it was made in the Court Room.... I will not agree to it as it stands and have informed my attorney as such." From then on, however, wife accepted the payments made by husband until March 1989. At that time, wife filed a "Motion to Construe 'Tentative Findings and Order' as a Nullity and to Confirm Judgment." After a hearing on wife's motion, the trial court found that the 1984 order was final and enforceable.

■ On our own motion, we determine whether an appeal will lie. *Femmer v. Femmer,* 669 S.W.2d 63 (Mo.App.1984). The right of appeal is purely statutory. Rule 81.01. Section 512.020, RSMo (1986) limits the general right to appeal, with exceptions not material here, to final judgments disposing of all parties and all issues. *See Id.; see also Pendleton v. Pendleton,* 532 S.W.2d 905, 906 (Mo.App.1976).

In the present case, the trial court designated its 1984 "order" as "tentative" and characterized the agreement between the parties as a "proposal." The court instructed the attorneys that "it was not over" until the agreement was reduced to writing and signed by the parties. Clearly, the 1984 "order" did not purport to be the last word on the subject. *See Nimmo v. Nimmo*, 616 S.W.2d 131, 133 (Mo.App. 1981). The record, at best, manifests a tentative agreement which the trial court put on the record and which the court, by inference, indicated would be approved if the parties agreed to its terms. The parties never expressed their acquiescence. The agreement was never reduced to writing and signed by the parties. Therefore, the 1984 ruling by the trial court was not a judgment.

Wife's subsequent "Motion to Construe" sought an advisory opinion on a proposed modification of a dissolution decree. No such motion exists and the trial court should have refused to consider it. The relief to be sought is enforcement of a judgment, not construction of it. Perhaps, the more prudent course for wife to have pursued would have been to attempt to execute on the 1980 judgment; and, if necessary, to seek a writ of mandamus to compel the circuit clerk to collect child support and maintenance in accordance with the 1980 judgment. The trial court's ruling on wife's motion, which held that the 1984 judgment was final and enforceable, was a nullity and did not transform the 1984 ruling into a final judgment.

We acknowledge, without delineating them, the existence of several collateral issues which possibly could be raised as challenges to the deficiencies of the 1984 proceeding. We do not reach those issues, but rather focus on the fundamental issue of whether the trial court entered a judgment or order in the present proceeding from which an appeal may lie.

Because the 1984 "order" of the trial court was not a final judgment and the ruling on wife's 1989 motion was a nullity, there is no judgment from which an appeal will lie. Accordingly, the appeal is dismissed.

CRIST and GARY M. GAERTNER, JJ., concur.