**STATE of Missouri, Plaintiff/Appellant,**

v.

**Tammy RICHARDSON, Defendant/Respondent.**

No. ED 76743.

Missouri Court of Appeals, Eastern District, Division One.

July 18, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Hawley, Linda Lemke, Asst. Attys. Gen., Jefferson City, for appellant.

William P. Lampros, Asst. State Public Defender, Union, for respondent.

PAUL J. SIMON, Judge.

State of Missouri appeals the grant of judgment of acquittal notwithstanding the verdict in favor of defendant, Tammy Richardson. The jury found defendant guilty of the class D felony of interference with custody, § 565.150, RSMo 1994. (All further reference shall be to RSMo 1994 unless noted).

■ On appeal, State contends that the trial court erred in granting the judgment of acquittal notwithstanding the verdict and asserts that the evidence presented at trial was sufficient to support the jury's verdict. In addition, State argues that the trial judge improperly considered evidence not presented to the jury, by basing his decision upon his experience presiding over juvenile court and upon a post-trial conversation with Gary Dittman, a worker from the Department of Family Services. Because this appeal will not result in double jeopardy to the defendant in that a retrial or further proceedings to resolve factual issues will not be required, State is not precluded from appealing the trial court's grant of defendant's motion for judgment of acquittal notwithstanding the jury's verdict. *State v. Couch*, 793 S.W.2d 599, 601 (Mo.App. E.D.1990). We reverse and remand with directions.

■ When reviewing a judgment of acquittal notwithstanding the verdict, we view the evidence in the light most favorable to the jury verdict, disregarding all contrary evidence and inferences. *Id.* at 600. We must determine whether the evidence presented to the jury was sufficient for twelve reasonable jurors to have believed beyond a reasonable doubt that defendant committed the crime of interference with custody. *State v. Davis*, 824 S.W.2d 936, 941 (Mo.App. E.D.1992).

Viewed in the light most favorable to the jury verdict, the record reveals that defendant was married to Tommie Tramel, and they had two daughters, Juliana and Jeannie. They were divorced, and defendant

was awarded custody of the children. Mr. Tramel later petitioned the court for modification of the custody order and received sole custody of Juliana and Jeannie. Defendant was granted visitation rights, and from March of 1995 to September of 1997, she had visitation with her daughters on the first and third weekends of every month and throughout the summer.

During her summer visitation in 1997, defendant took her daughters to Iowa to visit their grandparents. Approximately one to two weeks before the new school term began, Mr. Tramel attempted to contact defendant to arrange for the children to return to his custody, pursuant to the court order. After calling defendant at her residence several times, leaving unreturned messages on the answering machine, and contacting the Pulaski County Sheriff's Department, Mr. Tramel failed to regain custody of his daughters.

On September 10, 1997, Mr. Tramel traveled to defendant's home in Waynesville, Missouri, and discovered that their daughter Jeannie was attending the local middle school. The school released Jeannie into his custody, after he showed proof that he had legal custody of her to the school authorities. Mr. Tramel failed to obtain Juliana when he went to the local high school, because she had received a phone call and had left school property. He was unable to locate her that day.

Mr. Tramel and Jeannie returned to their home in Bland, Missouri, and Jeannie was enrolled in school in Bland the same day. That evening Jeannie received several collect phone calls from her sister, Juliana. On September 11, 1997, Mr. Tramel offered Jeannie a ride to school, but was informed that she had decided to walk. Previously, defendant and Juliana had made plans with Jeannie to pick her up at a park. Defendant brought Jeannie back to Waynesville and re-enrolled her in the school located there.

In January of 1998, defendant removed Jeannie and Juliana from Missouri to Homewood, Alabama. At the end of the school year, they traveled to Iowa and returned to Alabama on August 19. A few weeks later, defendant was arrested by a detective of the Homewood Police Department pursuant to a warrant from Gasconade County, Missouri.

At trial, defendant testified that she knew that her right of visitation had expired in August, 1997, and that she was required by court order to return Juliana and Jeannie to the custody of Mr. Tramel. However, defendant relied upon a defense of justification in which she stated that she did not believe she was in violation of the court order, because she was worried about the safety of her daughters in the custody of Mr. Tramel. In accordance with MAI–CR 3d 308.2, the trial court instructed the jury on the affirmative defense of justification.

The jury returned a verdict of guilty, rejecting the justification defense. Defendant filed a timely motion for judgment of acquittal notwithstanding the verdict, or in the alternative, a motion for a new trial. The motion alleged eleven grounds including, but not limited to, that State failed to prove all necessary elements of the crime and that the evidence was insufficient to support the conviction. The trial judge sustained the motion for judgment of acquittal, but did not rule on the alternative motion for a new trial.

In sustaining the motion for judgment of acquittal, the trial judge neglected to refer to any specific ground submitted in defendant's motion. Additionally, the judge relied upon a statement made by Gary Dittman outside the presence of the jury. The judge's ruling provided:

> Motion for judgment of acquittal notwithstanding the verdict is sustained. This court was too long the exclusive juvenile court in this circuit to not know the problem of substantiating child abuse against post-puberty females is one of foster homes. With extremely scarce resources DFS only "substantiates" in severe cases. In a casual con-

versation with Gary Dittman after the trial, he corroborated the problem but said had the girls mentioned the sanitary supplies problem they would have substantiated and removed. This mother would have failed in her supreme duty had she failed to do what she did. (L.F.4–5).

In its point on appeal, State contends that the trial court erred in granting defendant's motion for judgment of acquittal notwithstanding the jury's verdict, arguing that it presented evidence sufficient to support the verdict and that the trial judge based his decision upon information not presented at trial. Defendant contends that the trial court did not err in granting her motion for judgment of acquittal notwithstanding the verdict, because the evidence was not sufficient for twelve reasonable persons to have found defendant guilty of interference with custody. Defendant denies that the trial judge relied on extrajudicial evidence in making his decision.

■ In its determination of whether to grant defendant's motion for judgment of acquittal notwithstanding the verdict, the trial court was required to view the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences. *Couch*, 793 S.W.2d at 600. With the evidence so viewed, the trial court must determine whether the evidence is sufficient to support the verdict. *Davis*, 824 S.W.2d at 941. The trial court is to assume the truth of the evidence offered by the State. *Id.*

Viewing the evidence in the light most favorable to the jury verdict, we find that the evidence is sufficient for the jury to find defendant guilty of interference with custody pursuant to Section 565.150. **Interference with custody** provides:

1.  A person commits the crime of interference with custody if, knowing that he has no legal right to do so, he takes or entices from legal custody any person entrusted by order of a court to the custody of another person or institution.

2.  Interference with custody is a class A misdemeanor unless the person taken or enticed away from legal custody is removed from this state, detained in another state or concealed, in which case it is a class D felony. § 565.150, RSMo 1994.

■ Defendant agreed to a 1995 modified custody order granting Mr. Tramel sole custody of Juliana and Jeannie and defendant visitation rights on specific weekends and during summers. Defendant admitted at trial that she knew that her right of visitation expired in August of 1997 and that she was required by court order to return the children to the custody of Mr. Tramel at that time.

After Jeannie was returned to the custody of Mr. Tramel in September, defendant again interfered with the custody order and took Jeannie back to her hometown and later in January of 1998 moved the girls to Homewood, Alabama. The three continued to live there, away from the lawful custody of Mr. Tramel, until defendant was arrested. This evidence is sufficient to make a submissible case and for twelve reasonable persons to have found defendant guilty of interference with custody.

■ When ruling on a motion for judgment of acquittal, the trial judge must confine himself to the evidence presented at trial and may not rely upon evidence not presented to the jury. *Davis*, 824 S.W.2d at 937, 940–1. By writing on the docket sheet that he had a post-trial conversation with Gary Dittman, it is apparent that the trial judge relied on evidence not presented at trial in making his decision. It is clear from the record that the judge, in lieu of viewing the evidence and permissible inferences in the light most favorable to the State, weighed the evidence, as he was not permitted to do. *Id.*

■ Further, since the trial judge failed to support his ruling with at least

one reference to the specific grounds of defendant's post-trial motion, we will not affirm the grant of the judgment of acquittal. We can affirm the sustaining of a motion for judgment notwithstanding the verdict only if there is no room for reasonable minds to differ on the issues, and if the action of the lower court is supported by at least one ground that was raised in defendant's motion. *Goodenough v. Deaconess Hospital,* 637 S.W.2d 123, 125 (Mo. App. E.D.1982). The trial court did not specify elements not proven by the State, nor did it explain how the State failed to prove elements of its case against defendant. *State v. West,* 939 S.W.2d 399, 402 (Mo.App. W.D.1996). By failing to identify at least one of the eleven grounds raised in the motion made by defendant, the trial judge failed to defend the grant of the judgment of acquittal upon review.

The trial judge failed to rule on defendant's alternative motion for new trial. Missouri Civil Rule 72.01 requires that the trial court rule on alternative motions for new trial when ruling on joint motions for judgment notwithstanding the verdict. Litigants who choose to join these two motions have an obligation to see that the trial court acts in accordance with this rule, in order to avoid waiving their motion for new trial. *Medical West Building Corp. v. E.L. Zoernig and Co.,* 414 S.W.2d 287, 294 (Mo.1967). Likewise in a criminal trial, when a motion for judgment of acquittal notwithstanding the verdict is coupled with an alternative motion for a new trial, the trial court should rule on the alternative motion for new trial when ruling on the motion for judgment notwithstanding the verdict.

The Missouri Supreme Court held that the appellate court has jurisdiction under Missouri Rule 72.01(d) to remand a case to the trial court for ruling on new trial motion where weight of evidence is involved. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108 (Mo.banc 1982). Similar to this case, the defendant in *Taylor* filed a motion for judgment notwithstanding the verdict and motion for new trial with the claim that the verdict was against the weight of the evidence. The trial court sustained the motion for judgment notwithstanding the verdict, but made no ruling on the new trial motion. Upon our reversal of the trial court's grant of judgment notwithstanding the verdict, justice is not complete unless the trial court is allowed to decide whether a new trial should be granted. *Id.* at 110.

Criminal rules 27.07 and 29.11 are substantially the criminal equivalents of civil rule 72.01. Therefore, we remand the case to the trial court for a ruling on the new trial motion.

We reverse and remand with directions to the trial court to rule on defendant's motion for new trial.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.