In the Matter of the Care and
Treatment of Robert
LOVE, Appellant,

v.

STATE of Missouri, Respondent.

No. 24897.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 2002.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

A jury found Robert Love (Appellant) to be a sexually violent predator and committed him to the Missouri Department of Mental Health pursuant to §§ 632.480–.513.[1] Appellant raises two points on appeal. First, he alleges there was not sufficient evidence to support a finding that he has serious difficulty in controlling his sexually violent behavior. Second, he contends that the trial court erred in overruling counsel's objections to jury instructions in light of *In the Matter of the Care and Treatment of Thomas,* 74 S.W.3d 789 (Mo. banc 2002).

In April of 1995, Appellant pled guilty to one count of first degree sexual abuse and one count of first degree deviate sexual assault. He was sentenced to five years' imprisonment on each count, to run concurrently. On December 12, 2000, pursuant to § 632.486, the State filed a petition initiating civil confinement proceedings for Appellant. At the close of the evidence at trial, the trial court accepted jury instructions proffered by the State that did not require the jury to find that Appellant lacked the ability to control his behavior in order for him to be found a sexually violent predator. The jury unanimously found Appellant to be a sexually violent predator. Subsequently, on November 8, 2001, judgment was entered and Appellant was committed to the care and custody of the Missouri Department of Mental Health. This appeal followed.

■ Appellant contends in his second point the trial court erred when it failed to instruct the jury that before he can be found to be a sexually violent predator, the jury must first find that he has "serious difficulty" in controlling his sexually violent behavior. The State concedes that Appellant is correct.

In May 2002, after the trial court issued its order of commitment, the Supreme Court of Missouri in Thomas set forth the proper definition of "mental abnormality" in jury instructions regarding sexual predator cases. The Thomas court consolidated two appeals by persons convicted of sexually violent crimes who had been committed to the Missouri Department of Mental Health under §§ 632.480–.513. The Thomas court was guided by two recent United States Supreme Court cases, *Kansas v. Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), and *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). Hendricks and Crane examined a Kansas statute, which was identical in all relevant aspects to Missouri's statutes pertaining to sexually violent predators. As a result of these opinions, Thomas held that the jury instructions defining mental abnormality, in a case brought under §§ 632.480–.513, "must require that the 'degree' to which the person cannot control his behavior is 'serious difficulty'." 74 S.W.3d at 791. The court further held that Crane required the instruction defining mental abnormality to read as follows:

As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to commit sexually violent offenses in a degree that causes the individual serious difficulty in controlling his behavior.

*Id.* at 792.

Here, the instruction used at Appellant's trial was the exact instruction found to be

---

1.  Statutory references are to RSMo 2000, unless otherwise indicated.

deficient in *Thomas,* which defined "mental abnormality" as a "congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others." Therefore, the judgment must be reversed because of the erroneous instruction.

 Appellant also claims the State failed to produce sufficient evidence to support a finding that he has serious difficulty in controlling his sexually violent behavior. Although the State's expert witness did not testify that Appellant's "mental abnormality" caused him serious difficulty in controlling his sexually violent behavior, the State did offer evidence to support giving the instruction condemned in *Thomas.* Importantly, at the time of Appellant's trial, *Thomas* had not been decided. Therefore, the proper definition of "mental abnormality" for use in instructing the jury was not available to the trial court. Appellant believes the State's failure to anticipate the *Thomas* outcome requires outright reversal. We disagree.

In a similar situation, our Supreme Court reversed and remanded a sexually violent predator case for new trial. In *Johnson v. State,* 58 S.W.3d 496 (Mo. banc 2001), the Court determined that the State's expert witness lacked the necessary qualifications to offer his opinion on whether Johnson suffered from a mental abnormality. *Id.* at 499. Without this expert's testimony, the State failed to present evidence on two essential elements of its case. *Id.* However, the Court held that "[t]here may be other evidence that the state can present to make a submissible case." *Id.* at 500. Therefore, the case was remanded for new trial.

This case is like *Johnson* in that the State's evidence was insufficient to meet the *Thomas* definition of mental abnormality. However, the record indicates that there may well be other evidence the State can present to make a submissible case under the *Thomas* standard. Accordingly, a new trial is required.

The judgment of the trial court is reversed, and the case is remanded for new trial with directions that the jury be instructed in accordance with the *Thomas* decision.

GARRISON and BARNEY, JJ., concur.