In the Matter of the Care and Treatment of Anthony AMONETTE, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80623.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 14, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 2003.

Application for Transfer Denied April 1, 2003.

Nancy J. Vincent, David C. Hemingway, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Paul R. Maguffee, Asst. Attorney General, Jefferson City, MO, for respondent.

PAUL J. SIMON, Presiding Judge.

Anthony Amonette (appellant) appeals from the judgment of the trial court finding him to be a sexually violent predator (SVP) pursuant to Section 632.480 RSMo 1999 (all further references hereinafter shall be to RSMo 1999).

On appeal, appellant contends the trial court erred in: (1) denying his motion for directed verdict because the evidence adduced at trial did not support the claims alleged in the petition, and he was prejudiced thereby in that the State failed to prove he had difficulty in controlling his sexually violent behavior; (2) overruling appellant's objections and submitting Instruction No. 6 and/or refusing appellant's proffered Instructions Nos. C and H in that the trial court failed to instruct the jury that as a result of a mental abnormality appellant had serious difficulty in controlling his sexually violent behavior and that he was prejudiced because the jury did not specifically find as such, which is a necessary predicate to finding him to be a SVP; (3) allowing the State to introduce Exhibit 9, an order for protective custody, because the exhibit was inadmissible hearsay, lacked foundation and violated Sections 337.015.3, 337.500 and 337.600, which pertain to the practice of psychology and define the practice of psychology and terms relating to professional counselors and social workers, in that it contained an unattributed statement that appellant had been diagnosed as a pedophile, and there is no indication of the source of this information or whether a qualified professional offered the diagnosis; and (4) overruling his motion to dismiss and objections at the probable cause hearing and permitting the State to proceed with its case against him in that Rebecca Woody, an associate psychologist for the Missouri Department of Corrections, was the only witness at the hearing and was not qualified to testify to the presence of a mental abnormality, and therefore, the State failed to prove a necessary predicate fact and failed to establish probable cause to detain appellant. We reverse and remand.

On May 5, 2000, the State filed a petition, pursuant to Section 632.486, in the probate division alleging appellant: (1)

pleaded guilty to first degree deviate sexual assault, in violation of 566.070; (2) is currently suffering from a mental abnormality, pedophilia, which makes him more likely than not to engage in predatory acts of sexual violence if released; and (3) will be released from confinement on May 16, 2000, and sufficient evidence exists to determine he suffers from a mental abnormality making him more likely than not to engage in predatory acts of sexual violence.

The petition also incorporated by reference two exhibits: (1) the end of confinement report, prepared by Rebecca Woody (Woody), which is an assessment of individuals convicted of a sexually violent offense and who failed to complete treatment while incarcerated (Exhibit A) and (2) an affidavit by the custodian of records reflecting the meeting and the 5–0 vote of the prosecutor's review committee, pursuant to Section 632.484.4, indicating their belief that appellant meets the statutory definition of a sexually violent predator (Exhibit B).

Prior to the probable cause hearing, appellant filed motions to: (1) prohibit the State from evaluating, deposing or requiring answers to interrogatories from appellant and to prevent his refusal to cooperate with an evaluation by the State to be used against him; (2) strike statements of appellant, specifically appellant's statements made during his interview with Woody, which were included in the end of confinement report; (3) dismiss, challenging Section 632.480 et seq., based on due process, equal protection, double jeopardy and ex post facto grounds; and (4) close the probable cause hearing. In addition, appellant orally moved to dismiss the petition contending that it failed to address the decision, membership and vote of the multidisciplinary team. The trial court denied all motions, and on July 7, 2000, a probable cause hearing was held to determine whether appellant is a sexually violent predator within the meaning of Section 632.480(5), which provides:

any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

(a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to Section 552.030 of a sexually violent offense; or

(b) Has been committed as a criminal sexual psychopath pursuant to Section 632.475 and statutes in effect before August 13, 1980.

At the hearing, the State introduced 2 exhibits: (1) the affidavit incorporated by reference in the petition and (2) a certified copy of the sentence and judgment of appellant's on a guilty plea for first degree deviate sexual assault on May 17, 1996. The State also called Woody, who testified as to her review of appellant's file, in preparing his end of confinement report, which consisted of: (1) Missouri Department of Corrections Classification File; (2) Missouri Sexual Offender Program (MO-SOP) Treatment File; (3) Probation and Parole File; (4) Missouri Division of Family Services Reports; (5) Juvenile Division Reports; (6) Marillac Center for Children, Inc. (Marillac) Reports, an inpatient treatment facility for adolescent sex offenders; and (7) Farmington, Missouri and Kansas City, Missouri Police Reports. She testified that these were the kinds of files that experts in the field of identification of possible sexually violent predators would normally use in forming their opinion at the probable cause stage.

From the files, Woody learned that appellant: (1) had victimized a 13–year–old female for which he was convicted of first

degree deviate sexual assault; (2) was charged with sodomy of 3–year–old and 14–year–old males; (3) admitted to having thirteen victims, with a specified interest in 4 to 6–year–old girls and boys; (4) was diagnosed with pedophilia, indicating that he was at high risk of sexually re-offending; and (5) attempted twice to complete a treatment program for sex offenders but was unsuccessful each time.

Furthermore, Woody conducted an interview with appellant during which he admitted he: (1) had performed oral sex on 3–year–old and 6–year–old males; (2) performed cunnilingus on the 13–year–old female for which was convicted of first degree deviate sexual assault; and (3) had sexual contact with lots of 12, 13 and 14–year–old females, which he did not feel was a problem if they wanted sexual contact.

As a result of her evaluation, she determined that he suffered from mental abnormalities, specifically, pedophilia and post-traumatic stress disorder. Although appellant's counsel objected, the trial court allowed Woody to testify as to her opinion of whether or not appellant was more likely than not to re-offend in a predatory sexually violent way if he was not confined. She replied that appellant needed further evaluation because it appeared he may be a sexually violent predator and that he needed to be held at the predator unit because in an ordinary mental hospital he may be predatory against the other people and should not be evaluated while on an outpatient basis. The State rested, and appellant presented no evidence.

The trial court found probable cause to believe that appellant was a sexually violent person within the meaning of Section 632.480(5) and ordered that he be transferred to the sexual predator unit at Farmington, Missouri for an evaluation as to whether he was a sexually violent pre-

dator and to remain at the sexual predator unit pending the conclusion of the proceedings.

On September 7, 2001, appellant filed a motion to dismiss for insufficient evidence at the probable cause hearing contending that because Woody was not a licensed psychiatrist, psychologist or clinical social worker, she was not qualified to express any opinion about the proper diagnosis of appellant's mental condition or whether he suffers from a mental abnormality, and shorn of her incompetent testimony in this regard, there was no evidence presented to the trial court upon which it could rely to find probable cause. The trial court denied the motion.

Subsequently, a jury trial was held. Pursuant to Section 632.495, the jury must determine unanimously whether, beyond a reasonable doubt, appellant is a sexually violent predator. The State called Jerry Chamberlain, a juvenile officer, who filed a petition in 1990 against appellant for sodomy of a 3–year–old child. Following the adjudication, appellant was committed to the Division of Youth Services where he received 24–hour supervision, individual and group evaluations and a treatment plan. Chamberlain identified the State's Exhibit 9, an order for protective custody, in which the juvenile division found that the protective custody of appellant was required for the reason that he had been diagnosed as a pedophile and was in need of intensive treatment which could not be provided by persons responsible for his care. After appellant's counsel objected on the grounds that it was a finding based on hearsay evidence from unknown persons, the trial court overruled the objection on the grounds that it was a judicial determination. Chamberlain testified that appellant was sent to Marillac, as arranged through the Division of Youth Services, the

juvenile office and the Division of Family Services.

The state also introduced the video deposition of Dr. Robert Batterson, who worked as a psychiatric consultant at Marillac and who was involved with appellant's treatment from the fall of 1994 to February 1995. According to Dr. Batterson, appellant had exhibited sexual behavior toward younger children and had stated that he had a general attraction for children ages 4 to 5-years-old. He also testified that appellant reported urges for these children and fondled and masturbated them. He also testified that appellant told him the children appeared scared and that they did not want sexual contact with him but that he still had urges. Dr. Batterson had diagnosed appellant, at that time, with paraphilia, a general term for sexual attraction beyond the norms of society and that although pedophilia is a subcategory of paraphilia, he refrained from diagnosing appellant as a pedophile because he did not have enough information. Dr. Batterson stated that appellant was engaged in sexual offender treatment and initially did very well, but in February 1995, his performance changed significantly when it was discovered that he was sexually acting out. Appellant was ultimately discharged from Marillac when he threatened a staff member. Finally, when asked whether he considered appellant to be a sexually violent predator, he responded that he could not give an opinion because he had not seen appellant in 6 years.

The State also called City of Farmington Police Officer Donald R. Duncan, who was asked by Chuck Carlton, Washington Franklin School Superintendent, in April 1995, to watch the area because appellant was in the vicinity. Officer Duncan testified that he saw appellant wait near the bus transfer point for buses from different schools to arrive and that on some days 2 to 3 girls, approximately 10 to 12–years–old in age, would meet him, and would hug or hold hands with him. The State also called Woody, whose testimony replicated her testimony at the probable cause hearing, however, she did not render an opinion.

Finally, the state called Dr. Richard Scott, a licensed psychologist, pursuant to Section 337.020, employed by the Department of Mental Health, who performed the court-ordered evaluation of appellant, after the probable cause finding, to determine whether appellant is a sexually violent predator. Although appellant declined to be interviewed by Dr. Scott, Dr. Scott was provided with appellant's file, which was comprised of the same information Woody reviewed while preparing appellant's end of confinement report, and was directed by the trial court to answer 2 questions: (1) whether appellant suffers from a mental abnormality, a legal term reflecting appellant's emotional state and volitional control, which is the ability to manage his behavior and (2) whether appellant was more likely than not, as a result of the mental abnormality, to commit acts of sexual violence if he is not confined to a secure facility. Dr. Scott diagnosed him with pedophilia and antisocial personality disorder based on his file and testified that both disorders met the legal test for mental abnormality. Further, he rendered an opinion, based on a reasonable degree of psychological certainty, that appellant is more likely than not as a result of the mental abnormality to commit predatory acts of sexual violence, if not in a secure facility, and that he was at high risk of reoffending.

Upon the close of the evidence, appellant moved for directed verdict, contending that there had been absolutely no showing that he lacked the ability to control his dangerous behavior and, as a result, the

evidence was legally insufficient to justify involuntary commitment of him under the SVP act. The motion was denied and an instruction conference was subsequently held, during which the State offered Instruction No. 6 as follows:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that [appellant] pleaded guilty to deviate sexual assault in the first degree in the Circuit Court of St. Francois County, State of Missouri, on May 17, 1996, and
>
> Second, that the offense for which [appellant] was convicted was a sexually violent offense, and
>
> Third, that [appellant] suffers from a mental abnormality, and
>
> Fourth, that this mental abnormality makes [appellant] more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility,
>
> then you will find that [appellant] is a sexually violent predator.
>
>      \*     \*     \*     \*     \*     \*
>
> As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others.

However, appellant's counsel objected to its submission and offered Instructions Nos. C and H in the alternative, as provided:

### INSTRUCTION NO. C

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that [appellant] pleaded guilty to deviate sexual assault in the first degree in the Circuit Court of St. Francois County, State of Missouri, on May 17, 1996, and
>
> Second, that the offense for which [appellant] was convicted was a sexually violent offense, and
>
> Third, that [appellant] suffers from the mental abnormality of pedophilia, and
>
> Fourth, that as a result of this mental abnormality, [appellant] is more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility, and
>
> Fifth, that this mental abnormality impairs [appellant's] volitional capacity to such a degree that he is unable to control his sexually violent behavior, then you will find that [appellant] is a sexually violent predator.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [appellant] to not be a sexually violent predator.
>
>      \*     \*     \*     \*     \*     \*
>
> As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others.

### INSTRUCTION NO. H

> Unless you find and believe from the evidence beyond a reasonable doubt that [appellant's] mental abnormality impairs his volitional capacity to such a degree that he is unable to control his sexually violent behavior, you must find that [appellant] is not a sexually violent predator as submitted in Instruction No. _____.

The trial court rejected Instructions Nos. C and H and submitted Instruction No. 6 to the jury. The jury unanimously

found appellant to be a sexually violent predator, and the trial court entered its judgment committing appellant to the custody of the Director of the Department of Mental Health until such time as his mental abnormality has changed so that he is safe to be at large.

■ We initially address appellant's second point on appeal, in which he contends the trial court erred in overruling his objections to Instruction No. 6 and/or refusing his proffered Instructions Nos. C and H in that the trial court failed to instruct that as a result of a mental abnormality, appellant has serious difficulty in controlling his sexually violent behavior.

The State concedes appellant's claim is indistinguishable from that in *Thomas v. State*, 74 S.W.3d 789 (Mo.banc 2002). In Thomas, our Supreme Court found:

> Both *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) and *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002) make clear that sexual predator statutes as enacted in Kansas and Missouri are constitutional so long as the mental abnormality causes the individual serious difficulty in controlling his behavior. Accordingly, to be constitutional under *Crane*, the instruction must require that the degree to which the person cannot control his behavior is serious difficulty.... To comply with *Crane*, the instruction defining mental abnormality must read as follows:
>
> > As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to commit sexually violent offenses in a degree that causes the individual serious difficulty in controlling his behavior. *Id.* at 791–92.

Based on this finding, our Supreme Court resolved the definitional instruction error by reversing and mandating a new trial with instructions. We likewise must reverse and remand with instructions to follow the instructional mandate set forth in *Thomas*.

Although we are reversing and remanding, we find it necessary to address appellant's remaining points on appeal. In his fourth point, he contends the trial court erred in overruling his motion to dismiss and objections at the probable cause hearing and permitting the State to proceed with its case against appellant in that Woody was the only witness at the hearing and was not qualified to testify to the presence of a mental abnormality, and therefore, the State failed to prove a necessary predicate fact and to establish probable cause to detain appellant.

In support of his argument, appellant relies on *In re Johnson v. State*, 58 S.W.3d 496 (Mo.banc 2001), where our Missouri Supreme Court found that the trial court abused its discretion in permitting an associate psychologist from the Department of Corrections as an expert to testify at trial as to his diagnoses of a sex offender, *Id.* at 499, in that while the associate psychologist's experience treating sex offenders conceivably would qualify him to testify as an expert on many issues, diagnoses of mental disorders is not even arguably within his area of expertise, and his testimony at that point should have been excluded. *Id.*

■ At a probable cause hearing, the trial judge is the sole judge of the sufficiency of the evidence to determine whether probable cause exists to believe that appellant is a sexually violent predator. *See State v. Hester*, 331 S.W.2d 535, 537 (Mo.1960). Further, Section 632.489.2 provides:

Within seventy-two hours after a person is taken into custody pursuant to subsection 1 of this section, excluding Saturdays, Sundays and legal holidays, such person shall be provided with notice of, and an opportunity to appear in person at, a hearing to contest probable cause to whether the detained person is a sexually violent predator. At this hearing the court shall:

(1) Verify the detainee's identity; and

(2) Determine whether probable cause exists to believe that the person is a sexually violent predator. The state may rely upon the petition and supplement the petition with additional documentary evidence or live testimony.

■ Here, the petition clearly alleged that appellant pleaded guilty to a sexually violent offense and is currently suffering from a mental abnormality, pedophilia, which makes him more likely than not to engage in predatory acts of sexual violence. We note that although appellant filed multiple motions prior to the probable cause hearing, it does not appear from the record on appeal that the allegations of the petition were denied.

Further, we find that the allegations in the petition were substantiated by the evidence presented at the probable cause hearing, including: (1) the affidavit reflecting the meeting and unanimous vote of the prosecutors' review committee indicating that they believe appellant meets the statutory definition of a sexually violent predator; (2) the certified copy of the judgment sentencing appellant for first degree deviate sexual assault; and (3) Woody's testimony regarding her file review and personal interview with appellant. As such, we find that the petition's allegations and the other evidence independent of Woody's opinion constituted sufficient, competent evidence for the trial judge to find proba-

ble cause exists to believe appellant is a sexually violent predator. Thus, it is not necessary to determine whether or not Woody's opinion is admissible in these circumstances.

In his first point, appellant contends the trial court erred in denying his motion for directed verdict because the evidence adduced at trial did not support the claims alleged in the petition in that the State failed to prove that appellant had serious difficulty in controlling his sexually violent behavior.

■ Since we use the same evidentiary standard for commitment of sexually violent predators as we use for criminal cases, we will rely on *State v. Richardson*, 22 S.W.3d 753 (Mo.App. E.D.2000) to determine whether the State made a submissible case. We view the evidence in the light most favorable to the jury verdict, disregarding all contrary evidence and inferences. *Id.* at 755. We must determine whether the evidence presented to the jury was sufficient for twelve reasonable jurors to have believed beyond a reasonable doubt that appellant is a sexually violent predator. *Id.*

■ At trial, Chamberlain testified that appellant was committed to the Division of Youth Services after his adjudication for oral sodomy of a 3–year–old child. Further, as Exhibit 9 indicates, the juvenile division of the trial court found that "protective custody of [appellant] is required for the reason that [he] has been diagnosed as a pedophile and is in need of intensive treatment which cannot be provided by persons responsible for his care." Dr. Batterson testified that he had diagnosed appellant with paraphilia during appellant's stay at Marillac and that he exhibited sexual behavior with younger children and had a general attraction to 4 to 5–year–old children. Dr.

Batterson also testified that, although appellant recognized the children were scared and unwilling to participate in sexual contact, appellant still had urges, and during his sexual offender treatment, he was sexually acting out. Officer Duncan testified that in 1995, appellant waited near a school for the arrival of buses from other schools and that he was seen hugging and holding hands with 10 to 12–year–old girls. Woody also testified as to her file review and personal interview with appellant. Finally, Dr. Scott rendered his opinion, based on a reasonable degree of psychological certainty, that due to appellant's mental abnormalities of pedophilia and antisocial personality disorder he is more likely than not to engage in predatory acts of sexual violence, if not in a secure facility, and that he is at high risk of re-offending. We find that there was sufficient evidence to support a finding that appellant was a sexually violent predator in that he had "serious difficulty in controlling his sexually violent behavior."

In his third point on appeal, appellant contends the trial court erred in allowing the State to introduce Exhibit 9 because it was inadmissible hearsay, lacked foundation, and violated Sections 337.015.3, 337.500 and 337.600 in that it contained an unattributed statement that appellant had been diagnosed as a pedophile.

■ We note that Exhibit 9, which is part of the record on appeal, indicates that it is a judicial determination made by the juvenile division of the circuit court. The trial court may take judicial notice of its own records in prior proceedings to establish that appellant has been diagnosed as a pedophile and was in need of intensive treatment which could not be provided by persons responsible for his care. *See State v. Dillon,* 41 S.W.3d 479, 482 (Mo.

App. E.D.2000). As such, Point Three is denied.

Judgment reversed and remanded with instructions.

GARY M. GAERTNER, SR., and KATHIANNE KNAUP CRANE, JJ., concur.