STATE of Missouri, Appellant,

v.

Alexander T. KALK, Respondent.

No. ED 92326.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 24, 2009.

April M. Porter, Assistant Prosecuting Attorney, St. Louis County Prosecutor's Office, Clayton, MO, for Appellant.

Rosalynn Koch, Office of the Missouri Public Defender, Columbia, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

The State of Missouri (State) appeals the trial court's judgment granting defendant Alexander Kalk's Motion for Judgment of Acquittal following the jury's verdict of guilt on the charge that Defendant violated an order of protection. We affirm the trial court's judgment.

## Background

In January 2006, during the pendency of their dissolution action, Julie Kalk (Wife) obtained an ex parte order of protection against Alexander Kalk (Defendant), then her husband. The order of protection prohibited Defendant from entering the premises at 19 Black Creek Lane, where he previously resided with Wife and their young children. Defendant was served with the order of protection by his divorce attorney Jack Eisen (Eisen), who personally handed a copy of the order to Defendant on January 20, 2006.

On February 17, 2006, Wife's attorney and Eisen were negotiating a dismissal of the order of protection. Eisen informed Defendant of the negotiations through email and telephone. Wife offered to dismiss the adult abuse petition and order of protection if Defendant agreed to, among other things, give Wife exclusive possession of the marital residence, refrain from disturbing her peace, and follow a parenting plan recommended by the guardian ad litem. After Defendant and Eisen discussed Wife's offer and Defendant's counterproposal, Defendant told Eisen he would "sleep on it." Thereafter, Eisen sent Wife's attorney another email stating, "I just received your fax of a memo dismissing the adult abuse matter. Has this been filed today?" Eisen testified, however, that the dismissal must have been signed by the judge to be effective.

That same day, at 4:51 p.m., Defendant sent Eisen an email stating, "I want confirmation right now that the adult abuse was dropped." Defendant testified that Eisen told him he obtained the dismissal of the order of protection in writing, and to "just take it easy." Eisen testified that he received a copy of a dismissal of the order of protection, informed Defendant of his receipt of the copy, but further advised Defendant that the dismissal was not yet effective because it had not been signed by the judge. Eisen further testified that he advised Defendant not to go to Wife's residence.

On Monday, February 20, Defendant sent Eisen an e-mail stating, "Fax me ASAP before 4:30 a copy of the notice of the appointment of [the guardian ad litem] as well as a copy of the formal dismissal of adult abuse."

Eisen testified that, on February 21, 2006, he received a fax from Wife's attorney stating, "Attached please find TX reports showing the dismissal notice being faxed to court on Friday [February 17, 2006] as I represented. Dismissal was sent and RCVD to 615–4519 at 5:13 p.m. and 615–8280 at 5:07. Not sure why sent to both numbers or what those numbers are for. Division fifth floor AB." The State presented no evidence to the contrary that would demonstrate that Wife's attorney had not filed by facsimile the dismissal notice to the court on February 17, 2006, nor evidence that the court had not received it at that time and day. Also on February 21, 2006, Eisen received an email from Wife's attorney stating that the dismissal was not in the court file and "may still be wandering around the court" because the division number had been listed incorrectly. Additionally, Eisen understood Wife's attorney to state that Wife no longer would dismiss the order of protection. Wife's attorney filed a withdrawal of

the dismissal that day, February 21, 2006. The court minutes show that on February 21, 2006, a motion to withdraw the dismissal was filed by Wife and granted over Defendant's objections.

On February 21, 2006, Defendant entered the house that was the subject of the ex parte order of protection.

On March 2, 2006, Defendant was charged by Information with Count I, a class A misdemeanor, violation of an order of protection, in violation of Sections 455.010, 455.045 and 455.085, RSMo 2000,[1] and Count II, a class B misdemeanor, making a false report, in violation of Section 575.080. The information alleged that, on February 21, 2006, at approximately 12:30 p.m., Defendant "knowingly violated the terms and conditions of the order [of protection] by entering the premises at 19 Black Creek Lane" and that, at approximately 12:56 p.m., he "knowingly made a false report to ... law enforcement officers, that a crime, namely, an assault on [Defendant] by her [Wife's mother] grabbing his right upper arm applying a crushing force to his triceps and biceps and by her beating him about the shoulders, head and back with her arms and hands had occurred."

Eisen withdrew as Defendant's attorney on February 22, 2006, informing Defendant that the court had reinstated the adult abuse case because Defendant had gone to the residence.

A jury trial took place from October 20 through October 22, 2008, during which evidence was adduced as outlined in the Information above; further evidence regarding Defendant's alleged violation of the order of protection and making a false report on February 21, 2006, was presented.

After the close of the State's evidence. Defendant filed a motion for judgment of acquittal, which the trial court denied. At the close of all the evidence, Defendant again filed a motion for judgment of acquittal, which the trial court also denied.

On October 22, 2008, the jury found Defendant guilty of both counts. The jury assessed punishment of six months of imprisonment in the county jail for the violation of the order of protection, and recommended a fine of $500 for the charge of making a false report. The trial court accepted the jury's recommended judgment and sentence.

On October 31, 2008, after the jury was discharged, Defendant timely filed a Motion for Judgment of Acquittal (Motion) pursuant to Rule 27.07(c)[2]. In his Motion, Defendant alleged that the "evidence at trial was insufficient to sustain the conviction, and therefore the verdict should be set aside as a matter of law, and a judgment of acquittal substituted therefor." Defendant also filed a motion for new trial on the same day, alleging that the trial court erred in denying Defendant's pretrial motion to dismiss Count I. In support of his motion for new trial, Defendant alleged that he could not be prosecuted for violating the order of protection on February 21, 2006, because the order of protection was an ex parte order that had been voluntarily dismissed by Wife under Rule 67.02(a) on February 17, 2006. Defendant argued in his motion for new trial that Wife's dismissal of the order of protection became effective upon her filing the dismissal with the trial court on February 17, 2006, because the ex parte order was a civil action, and Wife voluntarily dismissed her petition for an order of protection prior to the taking of any evidence.

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

2. All rule citations are to Missouri Supreme Court Rules (2008), unless otherwise noted.

On November 17, 2008, the trial court entered an order denying Defendant's motion for a new trial, but granting "Defendant's Motion for Judgment of Acquittal Not-with-standing the jury's verdict of guilt" as to Count 1. The trial court further ordered that the judgment be suspended for ten days. On December 1.2008, the trial court entered its judgment granting Defendant's Motion for Judgment of Acquittal Notwithstanding the Jury's verdict of guilt as to Count I.[3]

On December 11, 2008, the State filed its notice of appeal with this Court. This appeal follows.

### Point on Appeal

In its sole point on appeal, the State contends the trial court erred when it granted Defendant's Motion because there is no legal or factual basis in the case at hand to support such a decision.[4]

### Standard of Review

An appellate court reviews a judgment of acquittal to determine whether the State adduced sufficient evidence to make a submissible case. *State v. Richardson*, 22 S.W.3d 753, 755 (Mo.App. E.D. 2000). In determining whether the evidence is sufficient to support a conviction, this Court accepts as true all reasonable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *Id.*

### Discussion

Whether the trial court erred in setting aside the jury verdict and entering a judgment of acquittal is dependent upon the answer to one seemingly simple question: Was the order of protection in effect at the time Defendant entered Wife's home?

It is undisputed that Defendant entered Wife's home on February 21, 2006. The record contains evidence that Defendant had been counseled by his divorce attorney that the order of protection was in effect, and that Wife's voluntary dismissal of the order of protection was not effective until the dismissal was signed by a judge. Such evidence as adduced by the State establishes a submissible case sufficient to sustain Defendant's conviction, but only if the order of protection was indeed in effect on February 21, 2006, when Defendant entered Wife's home. The answer to this question is found within Section

---

**3.** Counsel for the State noted during oral argument that a judgment "notwithstanding the jury's verdict" is permitted only in civil cases, and is not a remedy available to defendants in criminal matters. The record shows that Defendant timely filed a motion for judgment of acquittal pursuant to Rule 27.07(c) of the Missouri Rules of Criminal Procedure, which allows a motion for judgment of acquittal to be made or renewed within fifteen days of the jury's guilty verdict. Such motion is distinct from a motion for judgment notwithstanding the verdict authorized under Rule 72.01 of the Missouri Rules of Civil Procedure. While the trial court inadvertently referred to its judgment as a "Judgment of Acquittal Not-withstanding the Jury's Verdict," such misnomer does not render the trial court's judgment void. The trial court's ruling and judgment was entered in response to Defendant's properly filed Motion for Acquittal.

**4.** The State's brief fails to comply with the requirements of Rule 84.04. The State's point on appeal does not state the legal reasons for the claim of error, nor does it explain why, in the context of the case, the legal reasons support its claim that error occurred. Further, the State has failed to list the cases and other legal authority upon which the State principally relies. Rules 30.06(d) and 84.04(d). The requirements of Rule 84.04 are mandatory. *State v. Slaughter*, 267 S.W.3d 841, 845 (Mo.App. S.D.2008). Despite State's failure to adhere to the briefing requirements set forth in Rule 84.04, we will review the State's claim ex gratia.

455.060, and mandates our affirmance of the trial court's judgment.

Section 455.060.5 provides, in pertinent part, that "[a]ny order of protection[5] ... entered under sections 455.010 to 455.085 shall terminate upon the filing of a motion to terminate the order of protection by the petitioner;" and makes exception only in cases where the order grants custody of a minor child to the respondent. Section 455.060.5.

The evidence shows that the dismissal was faxed to the court on Friday, February 17, 2006, at 5:07 and 5:13 p.m., and thus was effective immediately. Eisen testified that on February 21, 2006, he received a fax from Wife's attorney stating, "Attached please find TX reports showing the dismissal notice being faxed to court on Friday [February 17, 2006] as I represented. Dismissal was sent and RCVD to 615–4519 at 5:13 p.m. and 615–8280 at 5:07. Not sure why sent to both numbers or what those numbers are for. Division fifth floor AR" The State presented no evidence to the contrary that would demonstrate that Wife's attorney had not filed by facsimile the dismissal notice to the court on February 17, 2006, nor evidence that the court had not received the dismissal at that time and day. In light of our standard of review, we must accept as true all reasonable inferences drawn from the evidence presented, including the evidence that Wife's attorney had indeed faxed to the court a dismissal of the order of protection on February 17, 2006. *See Richardson*, 22 S.W.3d at 755.

The Twenty-first Judicial Circuit Court Rule 3.4(2) provides, "A document received by facsimile transmission will be deemed filed as of the date and time recorded by the facsimile. The party transmitting the document is responsible for the complete-

ness of the transmission." According to Section 455.060.5, the order of protection was thereby terminated upon the filing of the motion to terminate, or "dismissal notice," as it was referenced here. Therefore, the actions taken by Defendant on the afternoon of February 21, 2006, alleged by the State to have constituted a violation of the order of protection, would not have violated an order of protection that had been dismissed prior to that time. Accordingly, the trial court properly granted Defendant's motion for judgment of acquittal after the jury returned a verdict of guilt on Count I, the violation of the order of protection. The State's appeal is denied.

### Conclusion

The judgment of the trial court is affirmed.

GEORGE W. DRAPER III, J., Concurs.

ROY L. RICHTER, J., Concurs in result.

ROY L. RICHTER, Judge, concurring.

I concur in the result but write to bring attention to the problems created by the statutes and local court rules of St. Louis County. Here, the wife filed a Petition requesting an Order of Protection, which the Court granted, ex parte. Part of the Court's responsibility is detailed in Section 455.040.3, which reads:

3. A copy of any order of protection granted pursuant to sections 455.010 to 455.085 shall be issued to the petitioner and to the local law enforcement agency in the jurisdiction where the petitioner resides. *The clerk shall also issue a copy of any order of protection to the*

---

**5.** In referring to "any" order of protection, Section 455.060.5 does not differentiate be-

tween ex parte orders and full orders of protection. Neither do we.

*local law enforcement agency responsible for maintaining the Missouri uniform law enforcement system or any other comparable law enforcement system the same day the order is granted. The law enforcement agency responsible for maintaining MULES shall enter information contained in the order for purposes of verification within twenty-four hours from the time the order is granted. A notice of expiration or of termination of any order of protection shall be issued to the local law enforcement agency and to the law enforcement agency responsible for maintaining MULES or any other comparable law enforcement system. The law enforcement agency responsible for maintaining the applicable law enforcement system shall enter such information in the system.* The information contained in an order of protection may be entered in the Missouri uniform law enforcement system or comparable law enforcement system using a direct automated data transfer from the court automated system to the law enforcement system. (emphasis added)

As a practical matter, the Court enters the Ex Parte Order, and Court Clerks enter the fact of that Order's existence into the Missouri Uniform Law Enforcement System (MULES). The local law enforcement agency where the petitioner resides also receives a copy of the Order. The entry of this information permits law enforcement officers to determine if an Order exists when violations of Orders are alleged. Law enforcement officers routinely rely on MULES for verification of outstanding arrest warrants and Orders of Protection.

In this case, Petitioner apparently[1] filed a Motion to Dismiss the Order on Friday, February 17, 2006. There was testimony that the Motion was faxed to the Court sometime after 5:00 p.m. on the evening of February 17th. The Twenty-first Judicial Circuit Court Rule 3.4(2) provides, "A document received by facsimile transmission will be deemed filed as of the date and time recorded by the facsimile. The party transmitting the document is responsible for the completeness of the transmission." Since the fax would not have been seen by Court personnel after business hours on a Friday evening, MULES was not notified of the termination. Court personnel would not have been aware of the intended termination until the Court opened on Tuesday morning, February 21st, as February 20 was the Presidents' Day Holiday and the Court was closed.

Law enforcement is therefore placed in the unenviable position of being unable to determine whether a Court's Order of Protection is valid, or if it has been terminated by the faxed filing of a Motion by the Petitioner which has not been seen by Court personnel and therefore has not been entered into MULES. The statute allows a Petitioner to dissolve a Court Order without judicial action, and the Local Court Rules of St. Louis County exacerbate the situation by deeming something filed when Court personnel are unaware of the "filing." Nights and weekends are "prime time" for violations of Orders of Protection, and Law enforcement will always wonder if the information from MULES is accurate, or if there is a Motion to Dismiss sitting in the tray of a fax machine, waiting to be seen by court personnel at the start of the next business day.

In no other area of the law is a party given the power to unilaterally dissolve a Court's Order; permitting a party to do so

1. The legal file does not include any document indicating that a Motion to Terminate the Order of Protection or Motion to Dismiss the Petition was faxed to the Court.

when the existence of such an Order is required to be entered into a database relied upon by law enforcement invites arrests that may later be determined to have been unnecessary. The Legislature may wish to change the statute to require Court approval before a Court's order is dissolved.